YOUNG MEN'S CHRISTIAN ASSOCIATION OF LINCOLN V. FRANK RAWLINGS.

FILED JUNE 20, 1900. No. 10,805.

Witness: CREDIBILITY: RECORD OF CONVICTION. The record of conviction of an offense below the grade of a felony is not admissible to affect the credibility of a witness.

ERROR to the district court for Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*Ricketts & Wilson* and *F. M. Hall,* for plaintiff in error:

Three classes of crimes at common law rendered the prepetrator infamous. They were treason, felony and *crimen falsi.* The crime charged in the information in this case clearly falls within the definition *crimen falsi.* The following definitions have been given by the courts and law writers of *crimen falsi:*

"The crime of deceiving or falsifying. At common law, any offense involving falsehood, and which might injuriously affect the administration of justice by the introduction of falsehood and fraud." Anderson's Dictionary of Law.

The crime charged belongs to the class known as infamous, which includes every species of the *crimen falsi,* such as forgery, perjury, subornation of perjury, and offenses affecting the public administration of justice.

"At common law, any crime which may injuriously affect the administration of justice, by the introduction of falsehood and fraud." Bouvier's Law Dictionary.

At common law, conviction of such a crime rendered the party infamous and wholly unworthy of credit. Now, by statute, the competency of the party as a witness is restored; but his conviction may still be shown for the purpose of affecting his credibility. *Webb v. State,* 29 Ohio St., 351, 358.

Where the testimony of a witness is material, it is reversible error to exclude an offer to show by his crossexamination that he has been convicted of a crime, there being no objection on the ground that a direct question should be asked. *Perham v. Noel,* 47 N. Y. S., 100, 20 App. Div., 516.

*Billingsley & Greene, contra,*

NORVAL, C. J.

This cause was before us at the January term, 1896, when a judgment recovered by the plaintiff was reversed. 48 Nebr., 216. The last trial resulted in a judgment in favor of defendant. To obtain a reversal thereof, this error proceeding is prosecuted by the unsuccessful party.

The action was upon a subscription contract. The answer put in issue each and every averment of the petition. The defendant was a witness in his own behalf. He had been previously adjudged guilty of contempt of court by reason of his having attempted to bribe a juror, and was fined therefor $100. For the purpose of affecting his credibility in the present case the plaintiff offered in evidence said judgment of conviction, to which defendant objected; the objection was sustained and the offered testimony excluded. Upon this ruling alone a reversal is sought. Section 330 of the Code of Civil Procedure declares: "Facts which have heretofore caused the exclusion of testimony may still be shown for the purpose of lessening its credibility." Section 338 of said Code provides: "A witness may be interrogated as to his previous conviction for a felony. But no other proof of such conviction is competent except the record thereof." It is obvious that, if it were not for the last section quoted, the proof tendered was admissible under section 330, as tending to affect the credibility of the defendant as a witness. But said section, in its scope and purpose, is modified by section 338. It allows the admission of a witness that he had been convicted of a felony, or the record of such conviction, to be received as evidence. Said section clearly excludes the idea that the conviction of an offense below the grade of a felony is admissible to affect the credibility of a witness. Argument can not make it plainer. The defendant not having been convicted of a felony, the testimony offered was properly excluded.

AFFIRMED.