Ford v. State.

---

ORA FORD v. STATE OF NEBRASKA.

FILED JULY 7, 1921.    No. 21829.

Criminal Law: WITNESSES: CROSS-EXAMINATION. It is incompetent in a criminal case, for the purpose of affecting the credibility of a witness, to ask him on cross-examination if he is not the defendant in a criminal action and has entered a plea of guilty in that case, as the entry of a plea of guilty without judgment or sentence is not a conviction within the meaning of section 7906, Rev. St. 1913.

Ford v. State.

ERROR to the district court for Chase county: CHARLES
E. ELDRED, JUDGE. *Reversed.*

*C. W. Meeker* and *Stewart, Perry & Stewart*, for plain-
tiff in error.

*Clarence A. Davis, Attorney General*, and *Jackson B.
Chase, contra.*

Heard before MORRISSEY, C.J., FLANSBURG and ROSE, JJ.,
BEGLEY and LESLIE, District Judges.

BEGLEY, District Judge.

Plaintiff in error was convicted upon an information
charging him and George Ford with having unlawfully
and feloniously stolen and carried away a load of wheat
consisting of about 29 bushels, of the value of $73, the
property of Glenn Maddux and Wilfred Maddux. He was
sentenced to the penitentiary under the provisions of the
indeterminate sentence law of the state. He prosecuted
error to this court, and assigns a number of errors, but
only one need be considered.

The real controversy in this case is over the identity of
a load of wheat. The evidence of the state shows that
Ora Ford, plaintiff in error, and George Ford are the
minor sons of Thomas Ford, and aged 18 and 12 years, re-
spectively, and that they resided at the home of their
father in Chase county, Nebraska. Glenn Maddux and
Wilfred Maddux resided about 10 miles distant and were
the owners of a quantity of wheat stored in a bin upon
their premises; that on May 26, 1920, they discovered a
quantity of wheat missing and further discovered wagon
tracks leading from the bin; that they followed these
tracks to the home of Thomas Ford, where they found
Thomas Ford's wagon missing, and Wilfred Maddux then
proceeded to the village of Madrid, Nebraska, where he
found that Ora Ford and George Ford had just marketed
a load of wheat consisting of 31 bushels and had re-
ceived therefor the sum of $73.16. Plaintiff in error, when
confronted by Wilfred Maddux, admitted the wheat be-
longed to Maddux, turned over to him the sum of $65.65,

and offered to make settlement for the remainder.

The defendants attempted to show that the load of wheat was the property of Thomas Ford; that it was part of two loads purchased by him for seeding purposes in the year 1919, and that this load represented the remainder left in the bin from said purchase, and that on May 25, 1920, he and certain members of his family loaded this wheat upon the wagon, and under his direction it was hauled to Madrid on May 26 by his sons, George and Ora Ford. Ora Ford claimed he made confession falsely, under threats of arrest. Evidence was offered by members of the Ford family accounting for the whereabouts of the plaintiff in error and his brother George during the evening and night of May 25, 1920, and also by the testimony of one Ernest Knotwell. Knotwell testified that he came to the Ford home about 8 o'clock p. m., May 25, 1920, and remained there until 8 o'clock the following morning; that plaintiff in error and his brother George were there all evening, as well as the other members of the family, and that a load of wheat stood near the granary; that the next morning the plaintiff in error and his brother George started to Madrid with the same; that he had seen the wheat in the bin previous to this date. On cross-examination, over the objections of defendant's counsel, he was asked: "Q. You are the same C. E. Knotwell that is a defendant in a criminal action here in this court? A. Yes, sir. Q. You entered a plea of guilty in that case, did you not? A. Yes, sir."

The admission of this evidence was error. It does not show conviction of a crime, but merely an arrest and plea of guilty thereto. In *Marion v. State,* 16 Neb. 349, it was held: "When in a prosecution for murder the defendant on his trial becomes a witness in his own behalf, it is incompetent on cross-examination, for the purpose of affecting his credibility as a witness, to ask him if he had not pleaded guilty to a penitentiary offense in another state; the entry of a plea of guilty without judgment or sentence not being a conviction within the meaning of

section 338 of the Civil Code of Nebraska."

Section 7906, Rev. St. 1913, provides: "A witness may be interrogated as to his previous conviction of a felony. But no other proof of such conviction is competent except the record thereof." It has been frequently held by this court that a witness may not be interrogated as to his previous conviction of a crime below the grade of a felony. *Young Men's Christian Ass'n of Lincoln v. Rawlings,* 60 Neb. 377; *Leo v. State,* 63 Neb. 723; *Reed v. State,* 66 Neb. 184; *Keating v. State,* 67 Neb. 560; *Johns v. State,* 88 Neb. 145. The matter is thoroughly discussed and the method of propounding questions relating to a previous conviction set forth in *Leo v. State, supra..* The questions here, as in that case, can hardly be regarded as for any other purpose than to engender in the minds of the jury the belief that the witness was addicted to criminal acts. They are wholly collateral to the matters at issue and a noncompliance with the statutory provisions and prejudicial to the rights of the defendant. Knotwell was the only witness, aside from the members of the Ford family, who testified as to the whereabouts of the defendants, and as to the fact of the ownership of the wheat, and it cannot be denied that his testimony, if believed, was a powerful factor in their defense.

The case is, therefore, reversed and remanded for further proceedings for error in admission of this evidence.

REVERSED.