STATE, EX REL. FRANK A. HIGH, APPELLANT, V. FRANK M. DINEEN, APPELLEE.

FILED JANUARY 13, 1927. No. 25382.

Affirmed on authority of *Knothe v. State, ante,* p. 119.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Charles Haffke* and *Brown & Dibble,* for appellant.

*W. C. Dorsey* and *John F. Moriarty, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

From a final judgment in the district court for Douglas county, Nebraska, sustaining a demurrer of the defendant to the petition and to the alternative writ of mandamus and dismissing his case, Frank A. High, as relator, appeals.

The record discloses that on the 10th day of March, 1926, a complaint was filed in the police court of Omaha, Nebraska, in which Frank M. Dineen, municipal judge of the city of Omaha, Nebraska, was then and there presiding, in which, in due form, John McMullen was charged with the "illegal sale of intoxicating liquors as a first offense." Mc-

Mullen was arrested and pleaded guilty, and was sentenced by the respondent, as sitting judge, to pay a fine of $100 and costs of prosecution. This fine and costs were paid.

By the institution of this action, the relator, Mr. High, sought to compel the defendant, as municipal judge, to re-sentence McMullen, not only to the payment of $100 and costs, as a fine, but with the added penalty that the defendant, John McMullen, in addition thereto, be imprisoned in the county jail not less than 60 days nor more than 90 days.

The following provisions of our statutes were in point at the time of the transactions referred to in the petition. Section 3238, Comp. St. 1922, provides: "It shall be unlawful for any person to * * * sell * * * any malt, spirituous, vinous and intoxicating liquors, except only certain liquors, for medicinal, mechanical, scientific or sacramental purposes by persons specially authorized in the manner and to the extent only as hereinafter provided."

Section 3288, Comp. St. 1922, provides: "Any person, who shall by himself or through his agent violate any of the provisions of this act, shall, except where another penalty is otherwise expressly provided, be deemed guilty of a misdemeanor, and upon conviction thereof shall, for the first offense, be fined the sum of one hundred dollars, or be imprisoned in the county jail not less than thirty days nor more than sixty days."

Section 3239, Comp. St. 1922, as amended in 1925 (Laws 1925, ch. 106) provides: "Any person, who shall by himself, or through his agent, carry or transport, for the purpose of sale, sell * * * any intoxicating liquor contrary to law, shall, for the first offense, be guilty of a misdemeanor, and be fined the sum of one hundred dollars and be imprisoned in the county jail not less than sixty days, nor more than ninety days."

The fundamental question therefore is, properly construed, which of the above sections, above set forth, is applicable under the facts disclosed by the record in this case?

This court, in the case of Knothe v. State, ante, p. 119, has determined that the penalties provided by section 3239,

Comp. St. 1922, as amended by chapter 106, Laws 1925, are limited in their application to "first, second, and subsequent convictions for bootlegging;" that the charge of "unlawful sale of intoxicating liquors" is not a charge of "bootlegging."

Therefore, it follows that, in view of the doctrine of the case last referred to, the penalties now appearing in section 3239, Comp. St. 1922, as amended, have no application to the crime described in plaintiff's petition in this case. It also follows that the penalty for the offense appears in section 3288, Comp. St. 1922. Under this section the penalty imposed, $100 fine and costs, is strictly within the proper exercise of the judicial discretion vested in the presiding judge. This basic conclusion renders all other questions presented in the able briefs of counsel moot, and hence they are not discussed.

It follows, therefore, that the judgment of the district court for Douglas county, in sustaining a demurrer to relator's petition and dismissing his action, was correct and is

AFFIRMED.