### NORRIS DUNLAP v. STATE OF NEBRASKA.

FILED DECEMBER 24, 1927. No. 25838.

*McCarthy & McCarthy,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

The defendant, plaintiff in error herein, was convicted in the district court for Dixon county, Nebraska, of the unlawful sale of intoxicating liquor, and sentenced to pay

a fine of $100 and to imprisonment in the county jail for a period of sixty days, and to pay the costs of prosecution. To reverse this judgment he relies on the following claimed errors: That the judgment is without evidence to support it; errors of law occurring at the trial; and that the court erred in sentencing the defendant to both fine and imprisonment. We will consider the alleged errors in the order of their presentation.

The record reflects sufficient evidence to warrant the trial court in submitting the case to the jury for its determination, and such verdict and judgment would not be disturbed save for the reasons hereinafter set forth.

As to the claimed errors occurring at the trial: Section 9923, Comp. St. 1922, provides: "The term 'felony' signifies such an offense as may be punished with death or imprisonment in the penitentiary. Any other offense is denominated a 'misdemeanor.'"

The defendant was a witness in his own behalf, and testified generally in regard to the facts involved. On his cross-examination the prosecuting attorney was, over objections of defendant's attorney properly interposed, permitted to ask, and defendant was required to answer, if he had ever pleaded guilty to the unlawful possession of intoxicating liquor (a misdemeanor) in Dixon county, Nebraska. The sole purpose such question and answer could serve was to weaken the defendant's credibility as a witness, and thus minimize the weight of his testimony. To permit such question to be asked and answered was error, and by such error the defendant was denied a fair and impartial trial. Section 338 of the Code of Civil Procedure, being section 8848, Comp. St. 1922, provides: "A witness may be interrogated as to his previous conviction for a felony. But no other proof of such conviction is competent except the record thereof." We held in *Brown v. State,* 111 Neb. 486: "This section applies to any witness in a case and is for the purpose of affecting his credibility." In *Elliott v. State,* 34 Neb. 48, we stated, the question quoted (the same as herein) "must have been prej-

udicial to the accused. Where a defendant in a criminal case offers himself as a witness on his own behalf, he is subject to the same rules of cross-examination as other witnesses, and it is the duty of the court to keep the cross-examination within the law." In interpreting such section 8848 in *Young Men's Christian Association v. Rawlings,* 60 Neb. 377, we said: "It allows the admission of a witness that he had been convicted of a felony, or the record of such conviction, to be received as evidence. Said section clearly excludes the idea that the conviction of an offense below the grade of a felony is admissible to affect the credibility of a witness. Argument cannot make it plainer. The defendant not having been convicted of a felony, the testimony offered was properly excluded." If it was properly excluded in that case, it was improperly admitted in the instant case. We are further sustained in this conclusion by our holdings in *Ford v. State,* 106 Neb. 439, and *Daggett v. State,* 114 Neb. 238. The law is that in the trial of an action it is error for the court to permit counsel, in order to affect the credibility of a witness, to inquire of him whether he previously had been convicted of an offense below the grade of a felony.

This renders it unnecessary to consider the third ground for a reversal, except to state that the offense charged herein is a misdemeanor, governed by the provisions of sections 3238 and 3288, Comp. St. 1922, and upon conviction thereunder a sentence of a fine or imprisonment can be imposed; and not by the provisions of section 3239, Comp. St. 1922, as amended by chapter 106, Laws 1925, which provides for both fine and imprisonment. *State v. Smith,* 114 Neb. 653; *Knothe v. State,* 115 Neb. 119; *State v. Dineen,* 115 Neb. 174; *Drawbridge v. State,* 115 Neb. 535; *Coxbill v. State,* 115 Neb. 634; *Myers v. State, ante,* p. 287. Therefore, the trial court erred in sentencing defendant to both fine and imprisonment. The judgment is reversed and cause remanded for further proceedings.

REVERSED.

Rose, J. dissenting.

I do not concur in the conclusion that defendant is entitled to a new trial because he was asked and was required to answer whether he had ever pleaded guilty to the charge of unlawful possession of intoxicating liquor. In the present case he was accused of unlawfully selling intoxicating liquor, a similar offense. The evidence proves his guilt and the jury so found. The conviction is set aside for the reason that he was asked and required to answer whether he had ever pleaded guilty to the charge of unlawful possession of intoxicating liquor. A reason for reversing the conviction is stated in the opinion as follows:

"The sole purpose such question and answer could serve was to weaken the defendant's credibility as a witness, and thus minimize the weight of his testimony."

Defendant frankly answered the question in the affirmative, admitting he had on a former occasion pleaded guilty to the charge of unlawfully selling intoxicating liquor. As I view the question and the answer he was not thus discredited as a witness. The question and answer indicate that defendant did not previously testify falsely to escape conviction and punishment under a similar accusation. If the sole purpose of the question was to weaken his credibility, the former plea of guilty is the basis of a proper inference that he is not a witness who would testify falsely to escape punishment. In my judgment direct evidence of guilt, not the collateral question and answer, influenced the jury. It seems to me it was to prevent a reversal for an error like this that the legislature enacted the statute forbidding the reversal of a conviction for the admission of improper evidence not resulting in a miscarriage of justice. Comp. St. 1922, sec. 10186. The opinion itself contains a ruling that the competent evidence, except for the question criticised, was sufficient to justify a verdict of guilty. The competent evidence and the finding of the jury should control the issue of fact and prevent the technical error from overshadowing the truth.

The legislative enactment that "A witness may be inter-

rogated as to his previous conviction for a felony" created a rule of evidence for the courts. Comp. St. 1922, sec. 8848. This rule does not make the statute forbidding the reversal of a conviction for harmless error inoperative when the statutory question as to a felony is propounded to a witness charged with a misdemeanor. As I view the record the conviction should not be set aside for the reason given.