FAUN M. CRAWFORD V. STATE OF NEBRASKA.

FILED MARCH 14, 1928. No. 26070.

630

*J. E. Willits*, for plaintiff in error.

*O. S. Spillman*, *Attorney General*, and *Donald Gallagher*, *contra*.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and HOWELL, JJ.

GOOD, J.

Faun M. Crawford, hereinafter referred to as defendant, was convicted of the unlawful transportation of intoxicating liquors within the city of Hastings, in violation of an ordinance of said city. He prosecutes error to review the record of his conviction.

Defendant alleges that there was error in that the complaint does not charge a violation of the ordinance; in the giving of instructions; in the overruling of his motion for a directed verdict; and in rulings on the admission of testimony.

It is argued that the complaint is insufficient because it does not charge that defendant "knowingly" transported the intoxicating liquors; nor that the liquor was transported for certain specific purposes, mentioned in section 3 of the ordinance. Defendant assumes that the prosecution was under section 3 of the ordinance, which is denominated the "bootlegging" section.

It will be conceded that the complaint is insufficient to charge a violation of section 3 of the ordinance. However, the state contends, and we think properly, that the complaint was intended to charge a violation of section 2 of the ordinance. This section makes it unlawful to trans-

port any intoxicating liquors within the city, except only certain liquors for specified purposes by persons especially permitted and authorized, in the manner provided by the state laws. Defendant has not questioned the sufficiency of the complaint to charge a violation of this section.

Complaint is made because the trial court did not give, in its instructions, the full text of section 3 of the ordinance; but, since the prosecution was not founded on section 3 but on section 2, it was unnecessary to instruct the jury as to what would be necessary to constitute a violation of section 3 of the ordinance. The instructions to the jury, in fact, required them to find certain facts to be established by the evidence which were unnecessary to constitute a violation of section 2. In so far as the instructions required the jury to find facts, other and outside of those necessary to constitute a violation of section 2, they were more favorable to defendant than he was entitled to. A defendant may not predicate error on an instruction that is more favorable to him than is required by the law applicable to the charge made.

Complaint is made of the giving of instruction No. 7, which informed the jury that the gist of the action was the carrying and transportation of intoxicating liquors, and that it made no difference who was the owner, or who made physical delivery, of the liquor. We find no error in this instruction. It was applicable to the charge made and the evidence adduced.

Defendant urges that the evidence is insufficient to sustain the verdict, and that therefore the court erred in overruling his motions for a directed verdict and for a new trial. There is evidence from which the jury might find that defendant and his wife drove from Grand Island to the city of Hastings in defendant's car; that they stopped in front of a café in the city of Hastings; that defendant's wife left the car and carried two bottles of liquor into the café; that defendant drove on, leaving his wife, who was arrested, and on the following morning paid a fine. The evidence relating to defendant's conduct, the

fact that it was his car, that he was driving it and drove away, and other facts and circumstances proved were sufficient to justify the jury in finding that defendant had transported the liquor within the city of Hastings, and had therefore violated the ordinance.

Defendant was a witness in his own behalf. On his cross-examination he was interrogated, over objection, as to his former conviction for a violation of the liquor law, and was asked how many times he had been arrested and whether he had been arrested prior to or subsequent to the date on which the offense is alleged to have been committed. These rulings are complained of and properly so. When a defendant in a criminal action becomes a witness in his own behalf he is subject to the same rules of cross-examination as other witnesses.

In *Coxbill v. State*, 115 Neb. 634, it was held: "Under section 8848, Comp. St. 1922, 'a witness may be interrogated as to his previous conviction for a felony.' But the act does not contemplate that a witness may be interrogated as to his alleged previous conviction for a misdemeanor." In the case of *Swogger v. State*, on rehearing, *ante*, p. 563, the rule is laid down that—"One charged with crime who becomes a witness for himself upon his trial is subject to the rules governing cross-examination of other witnesses." In the last cited case it was also held: "Except as to crimes having an element of motive, criminal intent, or guilty knowledge, evidence of separate and distinct offenses committed by accused is not admissible. If such evidence is admitted and is prejudicial, a conviction cannot stand."

In the instant case, the evidence against defendant, while sufficient to carry the case to the jury, was not of a very strong character. Under such circumstances, the scales might easily have been turned by the improper cross-examination to which defendant was subjected.

The rulings of the trial court in permitting the cross-examination of defendant, as above indicated, were prejudicially erroneous, and for this error the judgment must

be and is reversed and the cause remanded for further proceedings.

REVERSED.