## James I. Graeme et al. v. State of Nebraska.

### Filed February 28, 1929. No. 26664.

*Glebe & Elliott,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before Goss, C. J., Rose, Dean, Thompson and Day, JJ., and Eldred and Redick, District Judges.

Thompson, J.

An information was filed charging plaintiffs in error (hereinafter called Graeme and Hamilton) with grand larceny. Trial was had, verdict of guilty returned, and judgment entered sentencing each to serve a term of not less than one year and not more than seven years in the state reformatory, to reverse which they respectively prosecute error. While there are many reasons for reversal urged, they may be condensed into two: First, that the judgment as to each is without support in the evidence; second, errors of law occurring at the trial.

As to Graeme: The state in its brief and at the oral argument urged that the proof clearly shows that the articles (a stove and bed) had been stolen, and that the same were found in Graeme's possession, which latter he did not satisfactorily explain. If we concede that the property

had been stolen, which we do for the sake of argument, then we have the potent question: Does the proof show Graeme in posession? The evidence reveals that Hamilton had rented the dwelling in which the stolen property was found, had moved in and was occupying it, and had the stove and bed in question therein some time before Graeme went to live with him. Of these facts there is no convincing evidence to the contrary. That Graeme was living with Hamilton, and thus an occupant of the house, was not sufficient to make Hamilton's possession of the articles in question that of Graeme to the extent of holding the latter accountable in law for possession of stolen property. Hence, as Graeme was not in possession of the stolen stove and bed, and neither had he control thereof, the rule contended for by the state, as announced by us in *Palmer v. State*, 70 Neb. 136, that "the unexplained possession of stolen property, shortly after the theft of it, is a fact which may justify the jury in inferring that the person so in possession is the thief," might apply to Hamilton, but is without application as to Graeme.

Giving consideration to the second challenge as it affects both Hamilton and Graeme: Among the numerous errors presented which we have grouped under the head of "errors of law occurring at the trial," and which it is claimed prejudicially affected the rights of both defendants to the extent of denying to them a fair trial, was the misconduct on the part of the county attorney in eliciting testimony, by and through diverse witnesses appearing for the state, showing, or tending to show, that Hamilton and Graeme were guilty of a crime separate and distinct from that of the larceny charged, to wit, the illegal possession and operation of a "still."

Such challenge is not without merit. The evidence at the trial should be restricted to the issues raised by the pleadings. The question of a still or its possession, ownership, or operation, was in no manner involved. This the parties, their respective attorneys, and the court, well knew. Notwithstanding such fact, numerous witnesses for the

state were asked questions which could not have had any other incentive in the mind of the questioner than to reveal the illegal possession of a still, and its operation in violation of law, situate on the Hamilton premises. The witnesses seemed to understand the purpose and responded in a way so as to mention the still and its location. The attorneys for the defendants seemed to sense the design of the questioner and interposed the proper objections, which were usually, but not always, overruled, owing to the manner in which the questions had been framed. Then motions to strike the answers were interposed and usually, but not always, sustained. The same course was pursued in the cross-examination of Graeme. The competent evidence received did not so preponderate in favor of the state as to warrant this court in concluding that the verdict returned, either as to Graeme or Hamilton, was the only one that could, or should, have been rendered. Under this condition of the record·it would be presumptuous on our part to hold that the minds of the jurors were not prejudicially affected by the heretofore indicated misconduct on the part of the prosecuting attorney and witnesses for the state. The question of the still, and its operation, was so foreign to the issues and so injurious to the rights of the defendants as to deny to them a fair trial. *Dunlap v. State,* 116 Neb. 313; *Kleinschmidt v. State,* 116 Neb. 577; *Johnson v. Jensen, ante,* p. 1.

The judgment of the trial court is reversed as to both Graeme and Hamilton and the cause remanded for further proceedings.

REVERSED.

ROSE, J. I adhere to the dissent in *Dunlap v. State* 116 Neb. 313.

GOOD, J. I concur in the reversal of the judgment, but do not concur in adhering to the rule as announced in *Kleinschmidt v. State,* 116 Neb. 577.