VERUS SULLEY V. STATE OF NEBRASKA.

FILED MAY 23, 1930. No. 27293.

*R. T. Coffee* and *Allen & Requartte,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

HEARD before ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ.

ROSE, J.

In a prosecution by the state in the district court for Douglas county, Verus Sulley, defendant, was convicted of robbery, and for that felony was sentenced to serve a term of seven years in the penitentiary. As plaintiff in error defendant presents for review the record of his conviction.

The principal assignment of error is directed to the sustaining of an exception to a question propounded to the state's witness, Lee Flowers, on cross-examination. He was asked: "Have you ever been convicted of a felony?" His answer was: "I have." He was then asked: "How many times?" To this latter question an exception was sustained by the trial court. Whereupon defendant offered to prove that the witness was convicted of burglary in 1924; of burglary in 1925; of carrying concealed weapons in 1926; of the sale of narcotics in 1928. Did the law require an answer to the question calling for the number of times the witness had been convicted of felonies, after testifying he had once been convicted?

The information charged that, on August 4, 1929, Verus Sulley, defendant herein, and Harlan A. Schlagel violently, intentionally and feloniously assaulted Lee Flowers, put him in fear and robbed him of $85. Lee Flowers and his

wife testified that the robbery charged was committed in their home in Omaha at night and they identified Harlan A. Schlagel and Verus Sulley as the robbers.

Lee Flowers, the victim of the robbery as charged, was the state's witness who, after stating he had himself been convicted of a felony, was asked on cross-examination: "How many times?" In sustaining the objection thereto, did the trial court err? The purpose of defendant in asking the question was to discredit the witness, either by eliciting an affirmative answer or by record proof that he had been convicted of other felonies. In this connection it is argued by defendant that the right to make the initial inquiry as to a conviction for a single felony, if answered in the affirmative, includes similar inquiries about other convictions for felonies. It has long been recognized that a conviction for a felony may have a tendency to discredit the convict as a witness and it may fairly be inferred that additional convictions may affect his credibility still further. On the other hand, it is suggested by the state that the Nebraska statute relating to this subject, as construed by the supreme court, limits the inquiry to a conviction for a single felony. The statute is in this language:

"A witness may be interrogated as to his previous conviction for a felony. But no other proof of such conviction is competent except the record thereof." Comp. St. 1922, sec. 8848.

Referring to the section quoted, the following rule was announced in a recent case:

"Where a witness on cross-examination admits previous conviction of a felony, it is error to allow further inquiry on the subject or to permit the record of the conviction to be introduced." *Bosteder v. Duling,* 115 Neb. 557, following *Vanderpool v. State,* 115 Neb. 94.

In the latter case cited, the language is different, but the import is the same, as indicated by the following excerpt from the syllabus:

"A defendant in a criminal prosecution becoming a witness in his own behalf may be asked on cross-examination whether he has previously been convicted of a felony, and

if he answers in the affirmative further examination along that line should cease."

The expressions, "it is error to allow further inquiry on the subject," and "further examination along that line should cease," refer to the single conviction disclosed by the testimony of the witness and, in the connection used, those rulings do not preclude an inquiry as to the number of convictions for felonies. The statute quoted does not terminate the right of inquiry after the disclosure of one conviction. The legislative intention to permit one inquiry disclosing a conviction implies, for the same purpose, the right to ask if there were others. In a former opinion delivered by Judge Root the following view was expressed:

"The defendant complains because he was asked on cross-examination whether he had not been twice convicted of a felony. The witness admitted he had been convicted once, but evaded the question with respect to the second conviction, and finally said the second time he pleaded guilty. It then became necessary for the state to show that a judgment had been entered on that plea, else the prosecutor could not lawfully ask the jury to consider the defendant's testimony in the light of the fact that he had twice been convicted of a felony. *Marion v. State,* 16 Neb. 349, 360. But nine questions were asked upon this subject, and seven of them were made necessary by the defendant's equivocation. We find nothing in the record to indicate a departure from a correct rule of practice with respect to these questions." *Johns v. State,* 88 Neb. 145.

This is in harmony with opinions of other courts. *Dively v. People,* 74 Colo. 268; *State v. Newlin,* 84 Or. 323; *People v. Eldridge,* 147 Cal. 782. In the latter case the court said:

"Section 2051 of the Code of Civil Procedure, which permits proof of the fact that a witness has been convicted of a felony to be given for the purpose of impeaching him, places no limitation upon the number of felonies of which it may be shown he has been convicted, and considering the purpose of allowing the proof at all, it is obvious that no such limitation could have been intended."

Upon mature deliberation it seems clear that the trial court erred in preventing the witness Flowers from stating

how many times he had been convicted of felonies. Whether such an error requires a reversal of the sentence pronounced by the trial court, however, depends upon the peculiar condition of the record. Four witnesses only testified directly to facts relating to the charge that defendant committed the robbery, two on each side of the issue raised by the plea of not guilty. One witness, the principal one for the state, was the alleged victim of the robbery, who admitted he had himself been convicted of a felony, and the other was his wife. Both testified to details of the robbery and identified defendant as one of the robbers. Defendant testified in his own behalf that, at the time of the robbery, he was at the home of his mother in a different place and did not commit the robbery or participate in it. There was no evidence that defendant had ever before been convicted of a felony and there was additional proof of his alibi. The other witness who testified directly was Schlagel, who admitted he had been convicted of the identical felony charged and testified that defendant was not present at the robbery and had nothing to do with it and that another fellow whom he called "Bud" was with him. The conviction depended largely on the state's witness who admitted he had been convicted of a felony and who was prevented from stating how many times he had been convicted of felonies. Without holding that an error of this kind is prejudicial as a general rule, the conclusion is that a reversal herein is required under the peculiar conditions disclosed by the present record. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.