KENNETH KITTS, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

39 N. W. 2d 283

Filed October 14, 1949. No. 32599.

*Bernard J. Boyle* and *Hugh J. Boyle,* for plaintiff in error.

*James H. Anderson,* Attorney General, and *William T. Gleeson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

The first and second counts of an information filed in the district court for Douglas County respectively charged defendant with burglary and possession of certain described instruments or tools with intent to commit a burglary. A third count therein charged that defendant was a habitual criminal. At arraignment, defendant

stood mute upon advice of his counsel, and the trial court entered a plea of not guilty. Trial to a jury was had upon the first and second counts respectively, whereat defendant was found guilty as charged. Defendant's motion for new trial was overruled, and thereafter hearing was had by the court upon count three, as provided in sections 29-2221 and 29-2222, R. S. Supp., 1947, and in conformity with Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462. At the conclusion of such hearing it was found and adjudged that defendant was a habitual criminal as charged, and, in the light thereof, upon the verdict of guilty he was sentenced to serve 12 years in the Nebraska State Penitentiary.

Defendant appealed to this court, and his brief assigned as error substantially: (1) That the verdict was contrary to law and not sustained by the evidence; (2) that the trial court erred in admitting evidence of the State relating to alleged confessions made by defendant; (3) erred in holding, as a matter of law, that such confessions were voluntary, and refusing to submit that question to the jury as one of fact for its determination, as requested by proffered instructions and otherwise throughout the trial; and (4) that the trial court erred in giving instruction No. 19 relating to credibility. We sustain the third and fourth assignments.

Evidence in the record discloses that the State adduced competent evidence from which a jury could have reasonably concluded as follows:

On December 22, 1947, at or about 1:20 a. m., after the barroom in the South Omaha Eagles Lodge building had been searched, closed, and locked, a burglar alarm installed therein sounded at American District Telegraph headquarters. Police were called, who drove to the building, where outside thereof they exchanged shots with an unidentified man who fled from the scene and escaped in the darkness down an alley between buildings. A window on the east wall of the semibasement was found to have been opened, at the foot of which were two

crowbars. Police entered the building, and in the semi-basement defendant was found, armed with a loaded pistol, hiding behind tables stacked near the south wall. A cap was found near the open window, as was also a kit containing two pair of gloves and certain tools, the like of which are ordinarily used for the purpose of breaking and entering. The cap, gloves, pistol, shells removed therefrom, and kit of tools were respectively identified, offered, and received in evidence, but apparently were never actually delivered to this court with the bill of exceptions.

At command of an officer defendant stepped out, hands raised. The pistol was seen by such officer projecting from defendant's pocket, and as defendant reached for it, the officer struck him on the head with a revolver, thereby producing an injury or laceration of some proportions from which blood flowed down over his face and clothing. The loaded pistol in defendant's possession was taken from him, and he was placed under arrest. Thereafter police officers placed defendant face down on a pool table in spread-eagle fashion, and he was searched. Blood flowed from his head wound down on the table, and in a few moments he was removed therefrom and laid in the same manner on the floor. While in those positions, defendant was plied with questions by the officers, and voluntarily, without the use of any force, threats, or fear, gave answers, confessing that he broke into the premises through the window heretofore described, identified the person by name who fled from the scene as his accomplice, identified the cap found as that of his accomplice, admitted that the kit of tools was his own, which he had brought to the building, and admitted ownership of the pistol, telling where he had purchased it sometime previously.

On the other hand, defendant adduced competent evidence generally conflicting, contradictory, and irreconcilable with that adduced by the State. We do not deem it necessary to recite such evidence at length,

except to say that defendant testified that while he was on the pool table and floor the officers beat him about the head and face with a blunt instrument and with their fists, removed him to the floor because blood was running from his head down upon the pool table, and that after he was on the floor, they kicked him on the head, sides, back, and body, and upon more than one occasion and manner threatened to kill him if he did not confess and name his accomplice. Defendant's testimony that his eyes were blacked, his nose and face cut and swollen, and his body bruised black and blue from his armpits to his hips, was corroborated by other witnesses, and photographs taken December 24, 1947, gave some support to that testimony. Defendant testified that, half conscious, and fearing for his life, he involuntarily confessed, although innocent, and named a supposed accomplice who never in fact existed.

In the light of the foregoing circumstances, we conclude that there was sufficient evidence to sustain the verdict.

Of course, that conclusion rests basically upon the admissibility of the evidence relating to defendant's alleged confession, and, as hereinafter observed, the final force and effect of such evidence depends upon the manner in which the issues involved therein were decided or submitted by the trial court.

We turn then to the question of admissibility. In that connection, it was said in Holthus v. State, 138 Neb. 200, 292 N. W. 603: "The correct rule is: In laying a foundation in a criminal case for the admission of a confession in evidence, it is sufficient to establish affirmatively all that occurred immediately prior to and at the time of making of the confession, provided such affirmative proof shows it to have been freely and voluntarily made and excludes the hypothesis of improper inducements or threats. The following cases support this rule: Grammer v. State, 103 Neb. 325, 172 N. W. 41; Bush v. State, 112 Neb. 384, 199 N. W. 792; Stagemeyer v. State, 133

Neb. 9, 273 N. W. 824." See, also, Jones v. State, 97 Neb. 151, 149 N. W. 327, and Cheney v. State, 101 Neb. 461, 163 N. W. 804.

In that regard, the question of whether or not in the first instance the State has laid a proper and sufficient foundation for the admission of such evidence is one of law for the court, and if· the court determines as a matter of law that no sufficient foundation has been laid, then the confession should be rejected, but where the confession is received in evidence, its voluntary character is still a question of fact to be determined by the jury. Cramer v. State, 145 Neb. 88, 15 N. W. 2d 323.

When the State in the case at bar offered testimony relating to defendant's alleged confession, his counsel opportunely and appropriately objected to its admission for the reason that no sufficient foundation had been laid, and requested that all the evidence relating to foundation therefor, and the nature and character of the statements allegedly made by the defendant, should be first adduced out of the presence of the jury, as approved in Schlegel v. State, 143 Neb. 497, 10 N. W. 2d 264, and cases cited therein. In conformity with defendant's request, such evidence was so adduced, whereat defendant's counsel had opportunity to and did freely cross-examine the State's witnesses, and defendant, as well as other witnesses for him, took the stand and gave testimony directly conflicting and irreconcilable with that adduced by the State, in the manner approved by Stagemeyer v. State, 133 Neb. 9, 273 N. W. 824.

At the conclusion of such hearing, the trial court, as a matter of law, did not err in holding that the State's evidence was admissible. However, over defendant's repeated objections, the trial court did erroneously hold, as a matter of law, that defendant's confession was voluntarily given, without submitting that factual question to the jury. The evidence thus adduced, in the absence of the jury, was not read back to it upon the jury's return to the courtroom, although such evidence was all sub-

stantially retaken and repeated in the presence of the jury.

At the conclusion of the trial defendant timely requested instructions Nos. 6, 10, and 12, proffered by him, which offer was refused by the trial court, who gave no instructions whatever to the jury upon the issues presented or thus requested to be submitted. The effect of the requested instructions was to submit to the jury, as a question of fact for its determination, whether defendant's alleged confession was voluntary as claimed by the State, in which event it should be considered as any other evidence, or whether it was obtained by force, threats, or fear, as claimed by defendant, in which event it should be wholly rejected and disregarded by the jury. We conclude that the refusal to submit such issues was error prejudicial to defendant, which conclusion is supported by the following authorities: Heddendorf v. State, 85 Neb. 747, 124 N. W. 150; Shellenberger v. State, 97 Neb. 498, 150 N. W. 643, L. R. A. 1915C 1163; Ringer v. State, 114 Neb. 404, 207 N. W. 928; Stagemeyer v. State, *supra;* Cramer v. State, *supra*; Schlegel v. State, *supra*. See, also, cases cited in annotation, 85 A. L. R., pages 881 to 908 inclusive.

The applicable rule is that where the trial court properly admits evidence of a confession challenged as involuntary by defendant's evidence, it is prejudicial error to refuse to submit to the jury for its determination, under appropriate instructions, the factual question of whether defendant's alleged confession was voluntary, in which event it should be considered as any other evidence, or whether it was involuntary, in which event it should be wholly rejected and disregarded.

Instruction No. 19, given by the trial court, relating to the credibility of witnesses, did not in any manner submit the foregoing issues to the jury, and if this instruction had been proper in form and substance it could not have cured the foregoing prejudicial error. Further, upon the authority of Schluter v. State, *ante*

p. 284, 37 N. W. 2d 396, and cases cited and relied upon therein, instruction No. 19 as given was itself prejudicially erroneous by reason of the language appearing in the last sentence thereof, to wit:   "Yet· you have no right to reject the testimony of any of the witnesses without good reason, and should not do so unless you find it irreconcilable with the other testimony which you find to be true."

Other alleged errors were presented in oral argument to this court, but none of them were assigned as error or supported by any cited authority in the brief.  An examination of the record discloses that none of such alleged errors were plain errors unassigned and prejudicial to defendant.  It has now become elementary that they will not be discussed.

For the reasons heretofore stated, the judgment of the trial court is reversed and the cause is remanded for new trial.

REVERSED AND REMANDED.