JOHN LATHAM, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

40 N. W. 2d 522

Filed December 29, 1949. No. 32634.

*Joseph M. Lovely* and *Edward T. Hayes,* for plaintiff in error.

*James H. Anderson,* Attorney General, and *Walter E. Nolte,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

John Latham, referred to herein as defendant, was convicted of and sentenced for the crime of robbery by force and violence, and prosecutes error to review the record of his conviction and sentence.

The defendant claims error because of the inquiry made of him by the State during the trial in reference to his previous convictions for felonies, after, as he

claims, he had truthfully and without equivocation answered the question asked him by counsel for the State in reference to his previous convictions. The defendant was a witness in support of his defense of the charge made against him, and on direct examination by his counsel testified that he had been four times convicted of crime. The defendant on cross-examination answered the inquiry if he had been convicted of four felonies directly and unequivocally in the affirmative. The cross-examination was pursued further in an irregular manner but without proper objection by the defendant, and it developed his conviction of conspiracy in Iowa, the duration of two sentences imposed upon the defendant of four and five years respectively, and that he had been convicted twice of jail breaking, but the sentences imposed because thereof ran concurrently with those being served by him at the time he wrongfully left the place of his confinement.

The statute (§ 25-1214, R. R. S. 1943) provides that: "A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof." A defendant in a criminal case who becomes a witness subjects himself to the rules applicable to other witnesses. Crawford v. State, 116 Neb. 629, 218 N. W. 421; Swogger v. State, 116 Neb. 563, 218 N. W. 416; Dunlap v. State, 116 Neb. 313, 217 N. W. 89. The statute prescribes and limits the scope of any inquiry initiated by the State that may be made on cross-examination of a defendant in a criminal case. It permits inquiry of the defendant when he is a witness if he was previously convicted of a felony. If the answer is in the affirmative, he may be asked the number of such convictions, and if an answer is correctly given, the inquiry must end there. If any answer of the defendant in this regard is incorrect or if he claims he does not remember, the fact of his conviction or convictions may only be shown by "the record thereof." The statute does not permit ex-

ploration of the charge or charges of which the defendant was previously convicted, the details thereof, or the sentence imposed upon the defendant. The purpose of the restricted inquiry permitted by the statute is for whatever effect the fact of a previous conviction may have on the credibility of the defendant as a witness, and not for the purpose of tending to show that he is prone to engage in criminal actions. Bosteder v. Duling, 115 Neb. 557, 213 N. W. 809; Mortensen v. State, 127 Neb. 446, 255 N. W. 557; Keating v. State, 67 Neb. 560, 93 N. W. 980. The inquiry made by authority of this statute should be confined to a question or questions in proper form, and the witness should be required to answer specifically and directly. Neither the cross-examiner nor the witness should be allowed to wander or explain, but should be confined to the narrow limits fixed by the statute. Vanderpool v. State, 115 Neb. 94, 211 N. W. 605; Bosteder v. Duling, supra; Sulley v. State, 119 Neb. 783, 230 N. W. 846. The defendant by his testimony introduced the subject of his convictions for crime and thereby exposed himself to cross-examination in reference thereto. Any inquiry concerning the matter which is the subject of the direct examination may be explored on cross-examination of the witness. Zelenka v. Union Stock Yards Co., 82 Neb. 511, 118 N. W. 103; In re Estate of Potts, 144 Neb. 729, 14 N. W. 2d 323. Defendant failed to properly or sufficiently challenge by objection the cross-examination. His claim of error because of the cross-examination is without substance.

The defendant on cross-examination was asked about matters collateral and immaterial to the issues in the case, and the State was permitted to introduce evidence to disprove what the defendant had said the facts were. This was improper procedure. The apparent purpose of such questions by the State was to lay a foundation for an impeachment argument to the jury based upon false testimony with respect to immaterial matters to

prove the defendant unworthy of belief in other matters testified to by him vital to his liberty. When a witness is cross-examined on a matter collateral to the issue, he cannot as to his answer be subsequently contradicted by the party putting the question. Vanderpool v. State, *supra;* Swogger v. State, *supra.*

The defendant challenges the correctness of the action of the district court denying his motion for a new trial, which motion was made on the ground of newly discovered evidence material to his defense which he claims he could not with reasonable diligence have discovered and produced at the trial. § 25-1142, R. R. S. 1943. John Robert Johnson was employed and worked at the White Market and was there at the time of the robbery, the subject of this prosecution. These facts were known to counsel who represented the defendant at the trial. Johnson was in the Navy and probably on sea duty at the time of the trial, and his name was not endorsed on the information. Jack Knudtson, a sergeant in the Nebraska Safety Patrol, Criminal Investigation Bureau, testified that Johnson, after viewing the defendant and hearing him talk, failed to identify him as the robber, stated that he was not the man who committed the robbery involved in this case, that he did not have a speech defect and the robber did, and that he did not look like the man who committed the robbery. The witness had not revealed these facts to counsel for defendant. Robert McGowan, an assistant in the office of the county attorney, testified that he knew Johnson; he was at the jail with Knudtson when Johnson viewed the defendant and heard him talk; that Johnson stated that he did not know whether the defendant was the robber; that he only got a glimpse of the robber at the time of the hold-up; that he would not say one way or the other, but he did not think the defendant spoke like the robber; and that he did not talk with the counsel for the defendant in reference to Johnson at any time before the trial. An affidavit of Johnson

contains the statement that he is a member of the U. S. Navy and stationed at Adok (Adak), Alaska; that he was in Omaha in October of 1948 and viewed the defendant in company with Jack Knudtson and Robert McGowan; that the defendant did not have a defect in his speech such as the man who robbed the White Market; that defendant did not look like the man who committed the robbery; and in his opinion the defendant was not the man who robbed the grocery store. The showing in support of the motion indicated that the attorneys for the defendant did not know that Johnson had failed to identify the defendant as the person who committed the robbery. Defendant did not know Johnson, anything concerning him, or that he had or had not identified him as the robber. The action of the court on a motion for a new trial involves the exercise of a legal discretion. The showing made at the hearing of the motion was conflicting and uncertain as to what John Robert Johnson would testify concerning the defendant and his connection with the crime if he were a witness. There was also a question of diligence in attempting to locate Johnson and procure his testimony. There is no showing that the testimony of Johnson by his presence or by deposition could or would be available if another trial was had. The action of the trial court in such a situation will not generally be disturbed. Scherz v. Platte Valley Public Power & Irrigation District, 151 Neb. 415, 37 N. W. 2d 721.

The record in this case shows without dispute that at about 8 p. m. on the 27th day of December 1947, two men entered a grocery store known as White's Market at 1428 Military Avenue in Omaha, Nebraska; one of them remained near the front of the store; one proceeded to the rear thereof where the meat business was conducted, and by force and show of violence caused George Wanroe, who was in charge of the meat business, and Jack Johnson, who was employed as the grocery and stock boy, to enter the icebox; the one who proceeded to

the rear of the store there robbed George Wanroe by taking his billfold containing $50 from his pocket; and the robber then shut the door and detained the two men in the icebox until they were later released by a customer. The testimony offered by the State tends to establish that the defendant, John Latham, was the man who perpetrated the robbery. There were five persons in the store at the time of the robbery. Four were called by the State and testified, and each identified the defendant as the man who committed the crime. The defendant furnished evidence conflicting, contradictory, and irreconcilable with that of the State. The defendant asserted and steadfastly maintained his innocence. He testified that he was, during December 1947, residing with his wife at 138 North 38th Avenue in Omaha; that Clara Boyd had roomed with them; that he was home with his wife at the time the robbery involved herein occurred; that he had no part in the robbery; that he did not rob George Wanroe; that he did not know the location of White's Market; and that at the time fixed as the hour of the robbery he was at his home. There was slight corroboration of the defendant.

The instruction on the subject of the credibility of witnesses given in this case contains this language: "Yet you have no right to reject the testimony of any of the witnesses without good reason, and should not do so unless you find it irreconcilable with the other testimony which you find to be true." This presents the exact situation previously condemned by this court as erroneous and prejudicial. Kitts v. State, 151 Neb. 679, 39 N. W. 2d 283; Schluter v. State, 151 Neb. 284, 37 N. W. 2d 396.

The judgment should be and hereby is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

WENKE, J., dissenting.

I dissent from that part of the majority opinion which holds that the trial court, by using the language quoted

from its instruction on the subject of the credibility of witnesses, committed prejudicial· error requiring a reversal. The reasons for my dissent are the same and sufficiently stated in my dissent to the majority opinion in Schluter v. State, 151 Neb. 284, 37 N. W. 2d 396, and will not be restated here.

CARTER, J., concurs in this dissent.