Charles R. STARKWEATHER, Relator
and Plaintiff, Appellant,

v.

John GREENHOLTZ, Deputy and Acting
Warden, Nebraska State Penitentiary,
Respondent and Defendant, Appellee.

No. 16245.

United States Court of Appeals
Eighth Circuit.

June 5, 1959.

Certiorari Denied June 22, 1959.
See 79 S.Ct. 1442.

Herman Ginsburg, D. Nick Caporale and Milton R. Abrahams, Omaha, Neb., (appointed by the Court) for appellant.

Cecil S. Brubaker, Asst. Atty. Gen. of Nebraska, for appellee.

Before WOODROUGH, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

Charles R. Starkweather is under sentence of death by the Nebraska courts for first-degree murder. His execution was set for May 22, 1959, at 6 o'clock A.M.

On the morning of May 21, 1959, with obvious, timed planning, there was filed in Starkweather's behalf, in the United States District Court for the District of Nebraska, an application for a writ of habeas corpus and for an order staying his execution. The judge to whom the application was presented made careful examination of its allegations and contents and concluded from the face of the pleading that he would not be justified in issuing a writ. He accordingly, on the afternoon of May 21st, made denial of the application and of the request for a stay.

That night, a short time before the hour set for the execution, Starkweather's parents sought and obtained from another judge of the District Court an order granting Starkweather a certificate of probable cause and a stay of his

execution to and including June 4, 1959, to enable an appeal to be perfected to this Court from the order of denial of the judge to whom the application for a writ had been presented.

Upon the filing of a notice of appeal on May 29, 1959, and of a motion made to us for an extension of the stay period beyond June 4, 1959, and for the appointment of counsel to represent Starkweather, we entered an order setting the matter for hearing on June 4, 1959, upon the motion for further stay. Additionally, since the certificate of probable cause on which the taking of the appeal rested appeared to be void, as not having been issued, under the authorizing provisions of 28 U.S.C.A. § 2253, by "the * * * judge who rendered the order or a circuit justice or judge", we directed that showing be made at the hearing why the certificate of probable cause should not be vacated, for the purpose of ourselves examining the question of probable cause and making issuance of a certificate, in accordance with the authority or jurisdiction under the statute if one properly was entitled to be granted.

We further, in order to insure that Starkweather would have due and proper legal representation in relation to the hearing and the matters involved therein, appointed the President of the Omaha Bar Association, the President of the Omaha Barristers Club, and the Immediate Past-President of the Lancaster County Bar Association, as counsel for him, with an imposing of the responsibility upon all of them to see that Starkweather's rights and interests, if any, were duly developed and presented. All of such counsel assumed this responsibility and made presentation of the situation, from Starkweather's standpoint, in the fullest measure.

While the application which had been filed on May 21st contained a general allegation that Starkweather "has exhausted his remedies in the courts of the State of Nebraska for purpose of protecting his fundamental constitutional rights", it was conceded, on questioning from the bench at the hearing, that none of the purported claims of federal constitutional violation attempted to be asserted in the application for a federal writ had ever been raised in any manner in the Nebraska state courts or been made the subject of any request for consideration or relief in those courts. And the records of all the state court proceedings, of which we have taken judicial notice for purpose of the question of probable cause and the right of a federal court to at all entertain consideration of Starkweather's application for a writ, show that there have been no collateral proceedings of any nature in the Nebraska state courts; that the only proceedings which have been had in those courts were the trial and conviction, an appeal to the Nebraska Supreme Court, and the presentation of a motion for rehearing to that Court; and that in no part of any of these proceedings have the claims now attempted to be asserted been raised or been involved or been the subject of any ruling by the Nebraska courts. See Starkweather v. State, 167 Neb. 477, 93 N.W.2d 619.

■■ It is clear that in such a naked legal situation the federal courts are without right or authority, under 28 U.S.C.A. § 2254, to engage in any examination of the claims Starkweather makes, as a basis for entertaining consideration of the issuance of a writ of habeas corpus. "It has long been settled that the federal courts will not consider on habeas corpus claims which have not been raised in the state tribunal * *." Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 589, 94 L.Ed. 761.

Or, as we put it in Turner v. Eidson, 8 Cir., 215 F.2d 728, 730, "A person in custody pursuant to the judgment of a state court cannot ordinarily make application to the federal courts for a writ of habeas corpus, on questions which he has never undertaken to make the basis of relief in the state courts and had relief denied in relation to, unless he is able to demonstrate conclusively, as a matter of statute or judicial decision, that no way is at all open to him legally to obtain a

consideration of those questions by the state courts". Otherwise, federal courts must necessarily assume that some means exists under state law for appropriately raising, having considered, and obtaining vindication from its courts of alleged violations or deprivations on the part of the state of federal constitutional rights. Cf. Arsenault v. Gavin, 1 Cir., 248 F.2d 777.

Hence, there was no basis for Starkweather to make the application which he did to the District Court for a writ of habeas corpus. The application was legally required to be denied by the District Court. And no basis would therefore properly exist for the issuance of a certificate of probable cause by any one, under 28 U.S.C.A. § 2253, whether by the appropriate district judge or by us on the present hearing.

But even if the situation had been one where the judge to whom the application for a writ was presented would have had the right to entertain consideration of it on its face or merits, we further think that he would in such a situation have been entitled to make denial of it, as he did.

Starkweather had been represented in all the proceedings had in the state courts by two experienced and reputable lawyers appointed by the Nebraska courts as counsel for him and being paid public compensation for their services. After the denial of the motion for rehearing filed by them in the Nebraska Supreme Court—as the papers before us state—"He (Starkweather) discharged the court-appointed attorneys on the grounds he was improperly represented".

He asserted, in connection with the application filed by him for a federal writ of habeas corpus, that he has since been without the services of counsel. It is manifest, however, from the form, style, expression and content of his application, that it has been prepared by a skilled lawyer, who has for some reason chosen not to make his identity known. The skill involved in its preparation has, as a matter of tactics, extended to the device of deliberately making only loose and vague charges, such as might sympathetically prompt a lack of realistic appraisal to be engaged in of what the situation actually involves, in respect to one who is without the advice and assistance of an attorney.

Here, the charges, as stated in the application, were that Starkweather "was deprived of the effective representation of his counsel"; that "counsel failed to make application for change of venue and present same to the District Court of Lancaster County, Nebraska, to obtain a change of venue because of prejudice against (Starkweather) in Lancaster County, Nebraska"; and that "not all evidence in behalf of (Starkweather) was presented to the District Court of Lancaster County, Nebraska, at the trial, particularly concerning [his 14-year female companion] Carol Fugate's participation in the crime for which (he) was charged".

In an additional statement filed by Starkweather personally, he made the further complaint that his counsel had had no right to set up the defense of insanity in his behalf but should have allowed him to testify that he had killed in self-defense, notwithstanding that the victim involved was shot in the back of his head, while being required by Starkweather to go down some basement or cave steps. In their attempt to convince the jury of Starkweather's insanity, his counsel chose to bring before the jury Starkweather's statement in which he had admitted having engaged in the 11 killings which had occurred in the course of his and Carol Fugate's "spree", as he had termed it.

We think that the judge of the District Court, by whom the application was denied, would have been warranted, if he had been entitled to consider the application, in regarding these matters on their face, as he did, as incidents which went to the right of Starkweather's counsel to exercise tactical and strategical judgment in relation to the trial, and not as representing questions relating to due process, simply because the tactics and strategy had not had the result for

which they hoped. Nor is there any claim that the lawyers were incompetent.

An order has been entered vacating the certificate of probable cause, dismissing the appeal, and discharging the counsel appointed to represent Starkweather on this hearing.