James W. RODGERS, Petitioner,

v.

John W. TURNER, Warden, Utah State Prison, Respondent.

No. C-88-59.

United States District Court
D. Utah,
Central Division.

Oct. 30, 1959.

William T. Thurman and Charles Welch, Jr., Salt Lake City, for petitioner.

Walter L. Budge, Atty. Gen., Vernon B. Romney and Raymond W. Gee, Asst. Attys. Gen., of State of Utah, for respondent.

CHRISTENSON, District Judge.

The above-named petitioner with the assistance of Court-appointed counsel has now been afforded fair and full opportunity to present by second amended petition such reasons as may exist for the issuance by this Court of a writ of habeas corpus to prevent his execution by state authority.

■ The American system of justice as implemented by the Fourteenth Amendment will not send a convicted person to his death without according him such opportunity of alleging before a federal court and, if legally sufficient allegations be made, of proving at a proper hearing that his trial was not in accordance with due process and thus violative of the federal constitution. United States ex rel. Darcy v. Handy, 3 Cir., 1955, 224 F.2d 504, affirmed 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331. But if on considered application for the writ the grounds assigned, even though assumed to be true as alleged, are insufficient on their face to invoke the jurisdiction of a federal court to grant relief, the application should be denied. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Gay v. Graham, 10 Cir., 1959, 269 F.2d 482; Taylor v. Hudspeth, 10 Cir., 1940, 113 F.2d 825, and cases cited therein.

■■ It thus becomes necessary to pass upon the legal sufficiency of the second amended application of petitioner to require a hearing on the facts or, indeed, to authorize the Court to further stay the state proceeding. This is especially so since counsel have now reported that their investigation is completed and that whatever legal cause may exist for the issuance of a writ has been set forth. Certain previously advanced theories with regard to the use of perjured testimony have been abandoned apparently because they have not been borne out; but in any event, failure to show that any such use was with the knowledge of the prosecution would have rendered the claim insufficient in any event. Gay v. Graham, supra.

The grounds relied upon are four in number and they will be dealt with in the order alleged in the second amended petition:

■ 1. It is asserted that the Seventh Judicial District Court in and for San Juan County, State of Utah, in rendering and issuing the verdict, judgment, order and execution and commitment was without jurisdiction so to do. This allegation is a mere conclusion of law unsupported by any averment of fact and,

in and of itself, is insufficient to invoke the power of this Court to make a finding on which to predicate the granting of a writ. Moreover, a review of the files and records of the Seventh Judicial District Court in said cause, which counsel have submitted to me by stipulation, convinces me that there is no substance to the asserted lack of jurisdiction.

■ 2. It is further alleged that in voir dire examination of prospective jurors by the trial court there was no affirmative showing that their citizenship, residence, taxpayers' status and ability to use the English language were such as to qualify them pursuant to Utah Code Annotated 1953, 78–46–8, 9. Considering the known practice in various courts of the State of Utah and in this court of examining the jury venire concerning statutory qualifications on a single occasion at the beginning of the term or session and not as a part of any particular proceeding, it could hardly be expected that voir dire examination of jurors with reference to the specific case would include detailed interrogation concerning statutory qualifications more appropriate at another time. Be this as it may, there is no assertion in the application for a writ that the jurors actually did not possess the statutory qualifications or that they were not examined at some other time; only that the record of this particular trial does not affirmatively demonstrate their statutory qualifications. There is no indication that there was any challenge during the trial individually or to the array on this ground. Clearly no constitutional question is presented here, and any related legal or procedural problem would be peculiarly within the province of the Supreme Court of the State of Utah, which already has denied application for a writ on the same ground.

■ 3. It is next asserted that the defendant was denied a fair trial by reason of the disclosure on voir dire examination that one of the jurors had spoken to the presiding judge prior to the trial concerning this case. The record further shows, however, that the able trial judge made further inquiry which brought out that the juror was his friend and business partner, that their discussion had been limited to the circumstance that the charges made had to be tried, that no facts or details were mentioned, and that the discussion would not in any way influence the verdict of the prospective juror. Everything now asserted concerning the contact and attitude of the juror was fairly disclosed in open court to the defendant, his counsel and all parties concerned. The juror thereafter was accepted without challenge. No complaint was made during the trial or in post-judgment motions, and there is no suggestion now but that a just and fair disclosure had been made by the juror on voir dire examination. The case of United States ex rel. Darcy v. Handy, supra, illustrates a questionable situation involving possible influence of a jury by a judge and demonstrates that even in a borderline case involving definite irregularity it does not necessarily follow that the constitutional rights of an accused are involved. In situations such as the one now before us, where no irregularity is indicated and where any inferable intendments might be as well in favor of the accused as against him, there is no substance to this claimed ground for the issuance of a writ.

■ 4. The final claim in the second amended petition is that Court-appointed defense counsel at the trial before the state court failed to assert the claim of self-defense and failed to have the defendant, James W. Rodgers, take the stand as a witness in his own behalf, although that defense was known to his counsel; and that had petitioner been allowed to present his defense to the jury, the result may well have been different.

The doctrine of self-defense, was in fact, included in the court's instructions to the jury which are part of the record before me. Among other things, the jury was told that the defendant had invoked the right of self-defense and that there was no burden upon his part to establish that he did act in self-defense but that he would be entitled to acquittal if from all

the facts and evidence the jury had a reasonable doubt as to whether he did or did not act in self-defense. No complaint was made to the trial court or to the Supreme Court of the State on appeal to the form or substance of these instructions, which appear proper. Moreover, a review of the transcript indicates that there was received in evidence testimony from other parties who had heard the defendant following the shooting claim that he acted in self-defense, so that the defendant's claims in this respect were before the jury as a matter of evidence also without the defendant's being subjected to the risk of taking the stand. Hence, the defendant's failure to take the stand and the decision of his counsel not to call him are understandable in the light of the foregoing circumstances and in view of the fact that primary reliance was placed upon the defense of insanity.

The two defenses might have been considered somewhat inconsistent, especially if the defendant had been called upon to reconcile them by his own testimony. Both appear to have been presented in the best possible light without his encountering the risk of being called to the stand. There is no claim that there was any overreaching on the part of counsel or that the defendant himself wanted to take the stand. Such decisions of counsel or a defendant made for tactical or other supposed advantage do not give rise to a constitutional question even though they ultimately fail to result in a satisfactory verdict. See Pierce v. Hudspeth, 10 Cir., 1942, 126 F. 2d 337.

Counsel appointed by the Court to represent an accused are presumed to be competent and the burden is upon the applicant to show to the contrary. Tilghman v. Hunter, 10 Cir., 1948, 167 F.2d 661; Starkweather v. Greenholtz, D.C.D.Neb., 1959, 173 F.Supp. 671, appeal dismissed, 8 Cir., 1959, 267 F.2d 858, certiorari denied 360 U.S. 921, 79 S., Ct. 1442, 3 L.Ed.2d 1537.

Apart from the insufficiency of the second amended petition to charge any violation of the defendant's constitutional rights, an examination of the record in the trial court is convincing that the defendant did have the effective assistance of competent counsel, as well as a fair trial. So, too, before this Court the petitioner has had the conscientious services of assigned counsel.

A further objection to the sufficiency of the second amended petition would be that it does not disclose that the petitioner has completely exhausted his state remedies. It is true that heretofore he has unsuccessfully sought a writ of habeas corpus from the Supreme Court of the State of Utah, but he has not applied for, or been refused, certiorari before the Supreme Court of the United States with reference to the latter ruling. This, too, is an essential step in the exhaustion of state remedies in such cases as the present one where prior appeals and applications did not involve the same points relied upon in the later application. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; see also Ex parte Sullivan, D.C.D.Utah, Cent.D., 1952, 107 F.Supp. 514; Application of Sullivan, D.C.D.Utah, Cent.D., 1954, 126 F.Supp. 564, reversed on other grounds, State of Utah v. Sullivan, 10 Cir., 1955, 227 F.2d 511, certiorari denied Braasch v. State of Utah, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844.

I am not basing my action today upon this ground, for if this were the only reason I might well retain jurisdiction to permit subsequent application for certiorari to the Supreme Court of the United States (see Ex parte Sullivan, supra). On the contrary I premise it upon the fundamental and dispositive conclusion that even though state remedies had been exhausted completely, there would still be no basis for the granting of a writ of habeas corpus by this Court. See Thomas v. State of Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863.

The second amended petition accordingly is hereby dismissed, the writ of habeas corpus and other relief applied for by petitioner are denied and the stay of execution hereinbefore issued is terminated effective upon the expiration of ten

days from date hereof, within which period said stay to continue in effect in order to allow petitioner reasonable opportunity to seek review of this decision from the appellate court if he be so advised.