Luther Wesley **WILSON**, Petitioner,

v.

Maurice H. **SIGLER**, Warden, Nebraska State Penitentiary, Respondent.

No. 16687.

United States Court of Appeals
Eighth Circuit.

Jan. 20, 1961.

Hal W. Bauer, Lincoln, Neb., for petitioner.

C. S. Brubaker, Asst. Atty. Gen. of Nebraska, for respondent.

Before JOHNSEN, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Chief Judge.

Petitioner is under conviction and sentence of death by the state courts of Nebraska for the crime of murder. The opinion of the Nebraska Supreme Court, reviewing the trial proceedings, holding them to be without violation of due process or other error of substance, and making affirmance of the judgment, is reported in Wilson v. State, 170 Neb. 494, 103 N.W.2d 258. A petition for writ of certiorari to that decision was denied by the United States Supreme Court in Wilson v. State, 81 S.Ct. 178.

Thereafter, petitioner sought and was granted leave to file a forma-pauperis petition for a writ of habeas corpus in the United States District Court for the District of Nebraska. Order to show cause was issued against the warden of the Nebraska State Penitentiary, and response thereto was duly made by him. The court then heard oral argument in the matter to satisfy itself whether any question of deprivation or denial of due process could be said debatably to exist as a basis for granting petitioner a trial to make proof of the facts alleged and to establish their significance in relation to the state-court result.

■ The petition had incorporated in the application for a writ, by reference, the transcript of the trial proceedings and all the briefs, which had been before the Supreme Court, and these were duly examined by the District Court. Even, however, if they had not thus been expressly made a part of the petition, they would, of course, still have been entitled to be judicially noticed by the court in determining whether there existed any right legally to a hearing on the merits of the application. Starkweather v. Greenholtz, 8 Cir., 267 F.2d 858, 859.

The District Court, after consideration of the petition on this basis, was of the opinion that the matters charged therein could not be regarded as presenting or involving any question of deprivation or denial of due process by the State of Nebraska in the proceedings which had been afforded petitioner. The court accordingly denied petitioner's application for a writ; refused to issue a certificate of probable cause under 28 U.S.C.A. § 2253, as a basis for him to take an appeal; and overruled his motion for a stay of execution.

Petitioner thereupon filed in this Court a challenge to the trial court's denial of a certificate of probable cause; an application to have such a certificate issued by a judge of this Court; and a motion to have us stay the date of his execution. To prevent any avoidable delay, we set the challenge, the application, and the

motion of petitioner for immediate hearing. After full opportunity to counsel for both parties to be heard, and on careful scrutiny of the record of the state court proceedings, we were firmly of the view that the trial court's denial of a certificate of probable cause could not be said to be arbitrary or unwarranted in the circumstances; that a certificate of probable cause ought not to be issued in the situation by a judge of this Court as a basis for enabling petitioner to take an appeal from the denial of his application for a writ; and that his motion for a stay of his execution date should be overruled. Further, in order not to leave ourselves with any responsibility for a delay, we made announcement of our decision on the same day of the hearing, with a reservation of the right to file this opinion in enlightenment of our action.

For purposes of our consideration of petitioner's challenge, application and motion, his counsel limited the contention of deprivation and denial of due process before us to the question of the State's right to have used, and the court's right to have received in evidence, the oral confessions of guilt which petitioner had made.

The petition for habeas corpus alleged that petitioner was arrested on October 11, 1958, and was held incommunicado by the police until October 24th, without any warrant having been issued for his arrest; without his being taken before a magistrate or a court during that period; without his having been informed of his right to secure the services of an attorney or having been accorded the opportunity to obtain one; with a lawyer retained by his family having been refused the right to consult with petitioner; with petitioner having been "forced to disrobe and repeatedly questioned, day and night, by the prosecutor and police in relays until he became fatigued, confused, physically ill and afraid"; and with the oral confessions which he had made on October 23rd and 24th thus not having been free and voluntary acts on his part.

In relation to whether petitioner ought to have been granted a trial on his assertions that not merely were the allegations made by him true, but that there was a deprivation and denial of due process in respect to the facts thereof in his trial proceedings, it should first be noted that the state court record shows the following matters, which were emphasized in the opinion of the Nebraska Supreme Court, 103 N.W.2d at pages 268–269:

"The evidence that accused admitted to the captain of detectives on October 23, 1958, that he participated in the crime committed at the market and that he shot Rasmussen was offered and admitted in evidence without any objection to its admission. The captain of detectives testified that there were no promises or threats made to or against the accused at that time, * * *.

"Likewise the evidence that accused told a police officer on October 23, 1958, that he, the accused, disposed of the gun he had by throwing it from the Douglas Street Bridge into the Missouri River was without objection admitted at the trial. That statement was a part of the same conversation which the captain of detectives testified accused participated in voluntarily and of his own will and volition on October 23, 1958, and that no promises or threats were made to or against the accused. The accused solicited an opportunity to talk with the deputy county attorney of Douglas County and pursuant thereto there was a conversation between them on October 24, 1958, with no other person present. There was evidence that when that conversation was ended John Gallagher and Jack M. Fitch entered the room and accused then admitted that he had told the deputy county attorney when he and the accused were alone that accused did the shooting at Aronson's, that he used a .32, and that he threw it in the water about the middle of the bridge. There

was no objection to the evidence on the ground that it was improperly or illegally obtained and there could not have been effectively because the information was furnished at a conference solicited by accused and had to satisfy his desire. A motion of accused to strike the evidence concerning admissions made by him as above detailed after the whole evidence of the three witnesses had been concluded was properly denied. \* \* \* A showing of all that occurred immediately before and at the time of the making of a confession is sufficient foundation for its admission if such proof shows it to have been freely and voluntarily made and excludes the hypothesis of improper inducements and threats. Parker v. State, 164 Neb. 614, 83 N.W.2d 347; Olney v. State, 169 Neb. 717, 100 N.W.2d 838. The record in this case satisfies the requirement of the doctrine of those decisions.

"The claim of accused that he was not told he had the right to secure the services of a lawyer and that he was not permitted to communicate with anyone from October 11, 1958, until October 24, 1958, is disputed by the record because he had a lawyer before and he was represented by counsel at the preliminary hearing of the charge made against accused and that lawyer saw and consulted with accused on two or three occasions during October 1958. One instance of this was the very day the accused talked with the captain of detectives on October 23, 1958. It is true that on one occasion the lawyer had to wait about half an hour before he could talk with his client but he and the lawyer did consult that day. The record does not show why accused was in custody from October 11, 1958, that he was held without charge, or at what date he became a suspect in the killing of Rasmussen. It was not shown that accused was excessively or improperly interrogat-

ed as to that tragedy or that there was any coercion or force in reference to the accused. The charge of denial of due process of law in the respects specified by accused is wholly unsupported by the record."

The record clearly warrants all of these statements made by the Nebraska Supreme Court. If the allegations in petitioner's application for a writ could, on the state-court record, be said to have been the facts of the situation, or to have been the subject of a deprivation or denial of opportunity to make proof of them, he would prima facie be entitled to the issuance of a writ and to the holding of a hearing thereon, since the concession has been made here that there is no further state remedy available to him. Compare the allegations as precedingly summarized herein with the facts involved in Harris v. State of South Carolina, 338 U.S. 68, 69 S.Ct. 1354, 90 L.Ed. 1815, and Ashcraft v. State of Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192, 1193. But unlike in the Harris and Ashcraft cases, the evidence on petitioner's trial, as pointed out by the Nebraska Supreme Court, entitled it to be found that the facts were not in accord with his present allegations.

Thus, on the evidence given by the police officers, the jury was entitled to find that petitioner had not been held incommunicado, as he asserts; that he had had the opportunity to consult and had consulted with an attorney retained by his family on a number of occasions between October 11th and October 23rd, when the murder charge was filed against him; and that he had not, as he claims, been subjected to actual interrogation in respect to the murder situation until October 23rd, on which date he admitted his guilt. Testimony by a police sergeant initially tended to indicate that he had made some interrogation of petitioner prior to October 23rd, but later, on being recalled to the stand, he was permitted to correct this testimony and stated that the first time he had made any interrogation as to the murder was on October 23rd. The jury could according-

ly find this to be the fact. There also was the testimony referred to in the Supreme Court's opinion, that on October 24th, the day following, petitioner himself had made request to see the deputy county attorney alone and had declared to him that he had shot Rasmussen, the murder victim.

All of these elements the jury was called upon to consider and resolve in relation to the trial court's instruction that "If you are satisfied from the evidence, beyond a reasonable doubt, that oral admissions or confessions were made voluntarily by the defendant and were not obtained by compulsion or fear, nor by any promise or inducement offered to him, you may consider them the same as any other evidence, otherwise you shall reject and not consider them for any purpose whatever."

It may be added that the failure of the record to show, as referred to in the Nebraska Supreme Court's opinion, "why accused was in custody from October 11, 1958," and "whether he was held without charge," was clarified for purposes of our consideration by the frank admission of counsel before us that petitioner had been arrested on October 11, 1958, on another charge; that a $1,000.00 bail bond had been fixed on that charge for his release; but that he had not been able to furnish the bond. These facts, if they had been made to appear on the trial, would probably have facilitated the jury's settling of the question whether the police were at the time simply holding petitioner as a murder suspect. In any event, the admission adds fortification to the findings implicit in the jury's verdict that there was no such detention for purposes of interrogation regarding the murder as to make his confession involuntary; that he had not been questioned regarding the murder until October 23rd; and that this was after he had been in consultation a number of times with the attorney retained by his family. (Incidentally, this attorney withdrew as counsel for petitioner some time after the preliminary hearing, and the Public Defender of Douglas County was appointed by the court to represent him on his trial. The Public Defender's representation continued through the appeal proceedings in the Nebraska Supreme Court. Petitioner's present counsel is apparently one of his own selection and engagement.)

The significance of what has been set out is that on the facts shown by the evidence the jury had the right to find that petitioner's oral confessions were voluntary as the State claimed; that even with the testimony which petitioner asks the federal court to hear but chose not to produce on his trial, the evidence was such as still would have entitled the jury to find that his claims were without any basis, such as his contention that during the thirteen-day period from October 11th to October 24th he was "forced to disrobe and repeatedly questioned, day and night, by the prosecutor and police in relays until he became fatigued, confused, physically ill, and afraid, and the alleged oral confessions were not freely and voluntarily made"; that had he desired to make proof on his trial of the allegations contained in his present petition beyond what the evidence showed, it cannot be said that he was denied or deprived of the opportunity to do so; that the petition makes no attempt to excuse or justify his failure to have offered such testimony, if it was capable of going beyond the facts contained in the record; and that in this situation the matters which he alleges cannot be held to go to a denial or deprivation of due process.

Without more than is contained in the petition, what his counsel did must be regarded as having been done in his behalf on the basis of trial tactics and not as constituting a lack of legal representation. This is not a situation of failure to have taken some step of such an inherent nature as to be affirmatively owed legally and hence to make its omission amount to a lack of due process—such as the want of appointment of counsel. Petitioner does not purport to claim that he was without effective representation of

·counsel in his trial. The most therefore that can be said for petitioner's position is that he now wants the opportunity to prove some facts which his present counsel believes controvert or go beyond those adduced upon his trial, but which his trial counsel apparently felt could not credibly be established or would be without any benefit to him in the attempt to do so. As emphasized above, however, he does not claim, nor does his petition or the state-court record manifest any basis on which to claim, that legally he was prevented or excused from making introduction of such evidence on his trial. All the things alleged, if they were facts, obviously were known to him at the time of the trial. Moreover, if he wanted to contend, as he now does, that his confessions should be held to be involuntary as a matter of law, it would have been open to him to testify, on a hearing of that issue by the court, without risk of any prejudice to himself in respect to any aspects of the trial before the jury.

Under Nebraska law, an accused is entitled to request a hearing out of the presence of the jury on the voluntariness of a confession sought to be used against him. The State is in this situation required to establish that the circumstances were such as not to make the confession involuntary and must by its showing exclude the hypothesis of compulsiveness or improper inducement, insofar as these questions constitute in the situation matters of law. The accused is entitled to testify on the issue without prejudicing himself in any respect on the trial otherwise. See Stagemeyer v. State, 133 Neb. 9, 273 N.W. 824; Parker v. State, 164 Neb. 614, 83 N.W.2d 347. If the court determines as a matter of law that no sufficient foundation has been laid to entitle the confession to be regarded as voluntary, then it must be excluded from evidence on the trial. But if the court concludes that the confession on its circumstances cannot be held to be involuntary as a matter of law, the question of the voluntariness of its nature then becomes one for proof before, and determination by the jury. Kitts v. State, 151 Neb. 679, 39 N.W.2d 283, 285.

■ Here, petitioner's counsel made no request for such a hearing outside the presence of the jury. They elected not to have petitioner testify at all. This they had a right to do, in responsible tactical judgment, and as a matter of their appraisal of petitioner's best interest, on all the known circumstances. But these trial facts, as stated above, cannot alone be said to involve any element of deprivation or denial of due process.

■ Nor does it constitute a lack of due process for a state prisoner not to have the opportunity to try in federal court the question of the voluntariness of his confession on evidence which was available to him on his trial; which he elected at the time not to produce for consideration in the state court's determination of the issue; and for the failure to produce which no reason or explanation is offered in legal excuse.

■ On the state-court record and on the allegations in the present petition, it must be held that there was an adjudication of the question of the voluntariness of petitioner's confession resting on due process; that there was no denial or deprivation of due process against petitioner in relation to that adjudication; and that there was no omission in relation to any affirmative duty on the part of the court, which could be held to constitute a lack of due process.

The challenge to the trial court's denial of a certificate of probable cause is overruled, and the application to have a certificate of probable cause issued by a judge of this Court and the motion for a stay of petitioner's execution are denied.