**Luther Wesley WILSON, Appellant,**

**v.**

**Maurice SIGLER, Warden, Appellee.**
**No. 71–1079.**

United States Court of Appeals,
Eighth Circuit.

Oct. 26, 1971.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

Ronald E. Reagan, Bellevue, Neb., for appellant.

Clarence A. H. Meyer, Atty. Gen. and Mel Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before JOHNSEN, Senior Circuit Judge, and GIBSON and LAY, Circuit Judges.

## PER CURIAM

The District Court's denial of appellant's habeas corpus petition is affirmed.

Appellant is a Nebraska state prisoner, under a life sentence for a murder committed by him in an attempted robbery of an Omaha liquor store in 1958. He has engaged in a number of previous attacks upon his conviction both in state and federal court, among which there are reported opinions in Wilson v. State, 170 Neb. 494, 103 N.W.2d 258, cert. den. 364 U.S. 887, 81 S.Ct. 178, 5 L.Ed.2d 108, and Wilson v. Sigler, 8 Cir., 285 F.2d 372. This is his third federal court petition.

The only substantial question that has existed in all of these several attacks is whether the confessions made by him and admitted in evidence on his trial were voluntary. Passingly it may be observed that even without the use of the confessions, the proof made of appellant's guilt was, as the District Judge took occasion to observe at the close of his memorandum opinion, overwhelming.

Because, however, appellant's earlier attacks had occurred prior to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; because the question of the voluntariness of his confessions had in these attacks, in both state and federal court, been disposed of on the basis of the facts appearing in the trial record; and because an attack engaged in by him in the state trial court subsequent to Jackson v. Denno, and after the enactment by Nebraska of a state post-conviction hearing statute, had similarly made resolution of the question of voluntariness upon the trial record alone, Judge Van Pelt granted appellant a full evidentiary hearing on the present federal habeas corpus petition.

Careful consideration and evaluation of all the evidence adduced at the hearing convinced Judge Van Pelt that the confessions had been voluntary, and that they thus had been legally entitled to be admitted in evidence at appellant's trial. He wrote a comprehensive memorandum so finding and held that appellant was accordingly not entitled to habeas corpus relief. Our review of the record satisfies us that these findings and conclusions are entitled to be sustained, and that the denial made of a writ must therefore be affirmed. It may be added that appointment of competent counsel was also made for appellant in relation to the hearing. Appellant has now had a full due process hearing and a proper determination of the question of the voluntariness of his confessions, as well as a resolution of the merits of the other questions attempted to be raised by him.

Affirmed.