JAMES COXBILL V. STATE OF NEBRASKA.

FILED JUNE 1, 1927. No. 25704.

1. **Constitutional Provisions.** The Constitution of the United States and of this state guarantee a fair and impartial trial to every person accused of crime, and that no person shall be compelled in any criminal case to be a witness against himself; nor shall he be deprived of life, liberty or property without due process of law.

2. **Criminal Law:** INTOXICATING LIQUORS: COMPLAINT. In the

present case, the substance of the complaint charged that on November 29, 1925, in Nuckolls county, Nebraska, the defendant "did * * * unlawfully sell," to a person named, "about one gallon of intoxicating liquor, commonly known as whiskey." This language charged an offense under section 3238, Comp. St. 1922, and is punishable as provided by section 3288, Comp. St. 1922. The complaint herein does not come within the provisions of section 3239, Comp. St. 1922, as amended by chapter 106, Laws 1925, commonly known as the "bootlegging" statute.

3.  Intoxicating Liquors:   SENTENCE.   Under the complaint in the present case the trial court was without jurisdiction, under section 3288, Comp. St. 1922, to impose a penalty of both fine and imprisonment.

4.  Witnesses: EXAMINATION: PREVIOUS CONVICTION.  Under section 8848, Comp. St. 1922, "a witness may be interrogated as to his previous conviction for felony." But the act does not contemplate that a witness may be interrogated as to his alleged previous conviction for a misdemeanor.

ERROR to the district court for Nuckolls county: ROBERT M. PROUDFIT, JUDGE. *Reversed.*

*J. E. Willits,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Donald Gallagher, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

The county attorney of Nuckolls county filed an information against James Coxbill, defendant, wherein it is charged that he on November 29, 1925, in Nuckolls county, Nebraska, did "unlawfully sell to one Edgar Van Winkle about one gallon of intoxicating liquor, commonly known as whiskey." The jury found defendant guilty and the court imposed a $100 fine and sentenced him to 90 days in the county jail. A motion for a new trial was overruled. Defendant thereupon entered into a recognizance in the sum of $500 and has prosecuted error to this court.

The information comes within the meaning of section

3238, Comp. St. 1922, and, under the rule announced in *Knothe v. State, ante,* p. 119, where the jury finds a defendant guilty under section 3238, it is the court's duty to sentence him under section 3288, Comp. St., 1922, which provides that a defendant, upon conviction for the violation of "any of the provisions of this (liquor) act, shall, except where another penalty is otherwise expressly provided, be deemed guilty of a misdemeanor, and upon conviction thereof shall, for the first offense, be fined the sum of one hundred dollars, or be imprisoned in the county jail not less than thirty days nor more than sixty days." But the court, instead of imposing a sentence under section 3288, erroneously imposed a fine of $100, and also imprisonment in the county jail of not less than 90 days. This penalty was imposed under section 3239, as amended by chapter 106, Laws 1925.

The title to section 3239, as amended, follows: "An act to amend section 3239, Compiled Statutes of Nebraska for 1922, relating to intoxicating liquors; providing penalties for first, second and subsequent convictions for bootlegging; to repeal said original section; and to declare an emergency." Section 3239, as amended, is set out in full and is discussed at some length in *Knothe v. State,* above cited. In respect of this act we there said: "A fair construction of the amendatory provisions of chapter 106, Laws 1925, discloses that both as to title and substance, properly construed, the amendment pertains wholly to the subject of 'bootlegging' and applies to section 3239, Comp. St. 1922, only, and does not relate to, modify, or affect or qualify section 3238, Comp. St. 1922, or any other provisions of the liquor law. The title, therefore, of the amendatory act is sufficient; the effect of the amendatory act is restricted to the section amended, and is within the limits of its title." To substantially the same effect is *Drawbridge v. State, ante,* p. 535.

Inasmuch as the defendant was not informed against under section 3239, as amended, he could not, of course, be lawfully tried or sentenced thereunder. And, where the

Coxbill v. State

imposition of an erroneous penalty is the only reversible error in a record, the case can be remanded with directions for a resentence under the proper statute. But counsel has pointed out additional errors which require a reversal. It appears that the defendant was a witness in his own behalf, and complaint is made that, upon the cross-examination, the state repeatedly interrogated him in respect of an alleged conviction for having sold intoxicating liquor in Clay county recently before the present trial. A part of defendant's cross-examination on this point follows, so far as material here, and it is to this persistently offensive conduct that the defendant takes exception:

"Q. I will ask you, Mr. Coxbill, if you have not recently been convicted of selling intoxicating liquor in the county court of Clay county, Nebraska, and if you didn't testify in that case and testify that you didn't make the sale of which you were convicted." This was objected to, the objection was overruled, and the defendant answered: "I don't just exactly understand that question. Q. Will the reporter please read it again. (Question read.) A. I plead not guilty in these other cases. Q. You pleaded not guilty; did you not also testify as a witness in your defense of those cases? A. Yes, sir. Q. Did you? A. That I was not guilty? Q. Didn't you testify in those cases under oath that you did not make the sale? A. Yes, sir. Q. Isn't it true that you were convicted in that court of making, in one case, four different sales of intoxicating liquor?" Again defendant's objection was overruled, and he answered: "I would like to hear the question again. (Question read.) A. Why I don't know as to that. * * * Q. I will ask you, Mr. Coxbill, if in those cases in Clay county tried recently, I think in the month of March, you were not found guilty on the trial in county court? A. They were both appealed."

Besides the errors in the cross-examination, above pointed out, many questions of the same tenor, and fully as erroneous, which we do not find it necessary to reproduce, were put to defendant by the state, and appropriate ob-

jections were made by counsel, but they were overruled.

We do not think the defendant was fairly tried. It is an elementary proposition of our criminal jurisprudence that every person accused of crime shall have a fair and impartial trial; and that no person shall be compelled in any criminal case to be a witness against himself; nor shall he be deprived of life, liberty or property without due process of law. Both the federal Constitution and our state Constitution contain the above provisions, but the constitutional guaranties were set at naught by incompetent and grossly irrelevant questions which were put to the defendant in respect of collateral issues, that bore no relation to the crime for which he was charged, and for which he was at that very time on trial. It is one of the boasts of Anglo-Saxon civilization that every man, no matter what his estate or condition, shall have a fair and impartial trial when he is charged with the commission of a crime. *Carr v. State,* 23 Neb. 749, is a case where the defendant was on trial for murder. An eye-witness for the state, after narrating the circumstances in detail which surrounded the tragedy, testified that the accused was standing near-by with a gun in his hand, and that soon after the shooting he walked away carrying the gun with him. The witness, when asked by the prosecuting attorney, why he did not arrest or assist in arresting the accused, stated, over objection, that the reason why he did not assist was because he did not think it safe to follow the accused. This was held to be a violation of our constitutional guaranties, and for this error the judgment was reversed and the cause was remanded.

"A witness may be interrogated as to his previous conviction for a felony. But no other proof of such conviction is competent except the record thereof." Comp. St. 1922, sec. 8848.

The above section, however, does not contemplate an inquiry in a misdemeanor case in respect of an alleged previous conviction of a witness for a misdemeanor. But this was done in the present case and it constitutes reversible

error. It may be added that, under the complaint in the present case, the trial court was without jurisdiction, under section 3288, Comp. St. 1922, to impose a penalty of both fine and imprisonment.

Our attention has been directed to other alleged errors, which, under the present state of the record, we do not find it necessary to discuss.

In view of the substantial errors pointed out, the judgment must be, and it hereby is, reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED.