MARGARET DANIELSON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
54 N. W. 2d 56

Filed June 20, 1952.   No. 33168.

*William N. Jamieson,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Bert L. Overcash,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The defendant below was charged with operating a motor vehicle while under the influence of alcoholic liquor. It was further charged by proper averments that the crime constituted a third offense. The jury returned a verdict finding the defendant guilty and the trial court sentenced her to confinement in the State Reformatory for Women for a time of not less than one year nor more than fifteen months. The defendant appeals.

The evidence shows that during the evening of April 24, 1951, patrolman Stewart E. Halpin observed defendant driving a Dodge panel truck near Bellevue, Nebraska, in such a manner that he believed her to be intoxicated. Patrolman Halpin, being off duty, reported the incident to Jack Pfeffer, a police officer at Bellevue. Pfeffer, accompanied by Louis Lienemann, another police officer at Bellevue, drove out on State Highway No. 131 and found the Dodge truck in the ditch. The defendant was seated behind the steering wheel of the truck. The evidence of defendant's alleged intoxication is substantially as follows: She smelled of intoxicating liquor; she was abusive towards the officers and had to be forcibly placed in the police car; she had to be assisted at the police station; she staggered when she walked; and her tongue was thick, her hair and clothing were disarranged, her eyes were glassy, and her language was vulgar. Several witnesses testified to these facts and expressed opinions based thereon that she was intoxicated. The evidence, although disputed by her, was ample to sustain the verdict of the jury under our holdings in Poppe v. State, ante p. 527, 52 N. W. 2d 422, and Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462.

The defendant complains of the failure of the trial court to give seven instructions requested by her. The

record discloses that the first five were given in substantially the language requested. The trial court may properly instruct in his own language and refuse tendered instructions, though correct, which are covered by the instructions given by the court. Instructions Nos. 6 and 7, requested by the defendant, purport to define the word "intoxicated" and the term "under the influence of alcoholic liquor" as they bear upon the issues of this case. The trial court gave an instruction upon this question and, if it is correct, no error can be predicated upon the court's refusal to give defendant's requested instructions Nos. 6 and 7.

Instruction No. 6, given by the court, is as follows: "The meaning of the term 'under the influence of alcoholic liquor' as applied to a person operating a motor vehicle is, if the alcoholic liquor has so far affected the nerves, brain and muscles of the operator of a motor vehicle so as to impair to any appreciable degree his ability to operate his motor vehicle in the manner that an ordinary prudent and cautious man, in full possession of his faculties would operate the same, then the operator of said motor vehicle is under the influence of alcoholic liquor."

The foregoing instruction appears to have been approved in People v. Dingle, 56 Cal. App. 445, 205 P. 705. It was followed in People v. Ekstromer, 71 Cal. App. 239, 235 P. 69.

Defendant relies upon Freeburg v. State, 92 Neb. 346, 138 N. W. 143, Ann. Cas. 1913E 1101, wherein an instruction employed the test of visible effect to determine if one was under the influence of intoxicating liquor. The instruction given in the present case does not limit its meaning to the test of visibility. The condition and actions of the defendant are included with that of the visible effect in determining whether defendant was driving a motor vehicle while "under the influence of alcoholic liquor." This removes the criticism contained in the Freeburg case. We find no error prejudicial to

the rights of the defendant in the giving of the trial court's instruction No. 6. We have examined the other instructions complained of and find them to be free from error.

The Attorney General argues that the errors claimed in the giving of instructions on the court's own motion and in the refusal of those tendered by the defendant are not properly before the court for the reasons stated in Gates v. City of North Platte, 126 Neb. 785, 254 N. W. 418, wherein it is said: "The instructions given were grouped in one assignment, and those refused were grouped in another assignment in the motion for new trial; hence, the instructions will not be reviewed, as all of them given were not erroneous, and at least one of the defendant city's requests was rightfully refused." In the case before us the assignments of error set forth in the petition in error, filed in this court, complied with the rule announced in Klause v. Nebraska State Board of Agriculture, 150 Neb. 466, 35 N. W. 2d 104. The exceptions taken to a group of instructions in a petition in error need be no more specific than required in a motion for a new trial. Consequently, the objections to the instructions were properly raised under the rule announced in the Klause case.

The defendant complains of the manner and form adopted in proving the first and second convictions of the defendant for operating a motor vehicle while under the influence of alcoholic liquor. The procedure followed was in conformity with that approved in Haffke v. State, supra. We reiterate that proof of such convictions is properly made by offering in evidence the complaint or information, the judgment rendered on the verdict or the plea of guilty, evidence that the judgment has become final, and that defendant is the same person presently before the court.

Defendant contends that the evidence is insufficient because it does not show that the sentences imposed in the prior convictions were served or paid. Such proof

is not relevant. The word "conviction" as used in section 39-727, R. S. Supp., 1949, means the adjudication by the court of defendant's guilt and the pronouncement. by the court of the penalty imposed on the acceptance of a plea of guilty or a finding of guilt by the court. The actual service of imprisonment or the payment of a fine has nothing to do with the question of determining whether a conviction has or has not been had. State v. Smith, 160 Fla. 288, 34 S. 2d 533; State v. Volmer, 6 Kan. 379.

Prejudicial error is not pointed out or found in the record before us. The judgment is affirmed.

AFFIRMED.