In the Matter of HAL C. MOORE, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, November 24, 1953.

*Morris J. Zweig* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Philip J. Fitzgerald* of counsel), for respondent.

MACAFFER, J. This is an application under article 78 of the Civil Practice Act for an order annulling and setting aside the revocation of the petitioner's operator's license and the suspension of his certificate of registration.

The petitioner, on June 29, 1953, in Toronto, Canada, pled guilty to a charge of violating the Highway Traffic Act (Ontario Rev. Stat. [1953], § 285, subd. 4-a of the Criminal Code therein). That statute, as far as material here, provides in part as follows: "§ 285, subd. 4-a. Everyone who, while his ability to drive a motor vehicle or automobile is impaired by alcohol or any drug, drives any motor vehicle or automobile, or has the care or control of a motor vehicle or automobile, whether it is in motion or not is guilty of an offense."

Thereafter the Motor Vehicles Branch, Department of Highways, Toronto, Ontario, transmitted to the respondent a certificate of conviction of the petitioner. The certificate of conviction states in substance that the petitioner, on the 29th day of June, 1953, was convicted of violation of subdivision 4-a of section 285 of the Criminal Code, the offense being described as "ability imp." The certificate further states that the petitioner was sentenced to pay a fine of $100 or be imprisoned for fifteen days, and that neither his driver's license nor his owner's permit was suspended. The petitioner, in his petition herein, states that "he was arrested and charged and thereafter pleaded to a charge of the offense of operating a motor vehicle while ability impaired by alcohol;". On or about the 19th day of August, 1953, the respondent revoked the petitioner's New York State driver's license and suspended his registration pending proof of financial responsibility. The notices of revocation and of suspension issued by the respondent recite: "Cause: Convicted on 6/29/53 at Magistrate's Court, Toronto, Canada of operating a motor vehicle while under the influence of intoxicating liquor. Financial responsibility required pursuant to section 94A of the Vehicle & Traffic Law."

The respondent in his answer to the petition alleges that his action in revoking petitioner's operator's license was pursuant to the mandatory provisions of paragraph (b) of subdivision 2 of section 71 of our Vehicle and Traffic Law which, insofar as is pertinent here, provides as follows: "(b) of * * * an offense consisting of operating a motor vehicle * * * while under the influence of intoxicating liquor where the conviction was had outside this state;".

The respondent's position with reference to his action has been set forth in the memorandum submitted by the Attorney-General to be as follows: "The Commissioner of Motor Vehicles has determined that petitioner's Canadian conviction of driving a motor vehicle while his ability was impaired by alcohol constitutes an offense consisting of operating a motor vehicle while under the influence of intoxicating liquor."

The petitioner alleges that he has never been convicted of operating a motor vehicle while under the influence of intoxicating liquor in this or any jurisdiction outside the State of New York. The petitioner urges that the offense to which he pled guilty in Canada does not constitute an offense consisting of operating a motor vehicle while under the influence of intoxicating liquor. The sole issue for determination here is whether

the offense to which the petitioner pled guilty is such as to require the revocation of his operator's license pursuant to the provisions of paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law of this State.

Under the provisions of the Vehicle and Traffic Law of this State, the revocation of an operator's license for a conviction outside of the State while driving under the influence of intoxicating liquor is mandatory, although for offenses within this State, revocation of a license is mandatory only if the driver is intoxicated. (§ 70, subd. 5; § 71, subd. 2, par. [b].)

The Highway Traffic Act (Ontario Rev. Stat. [1953]), contains subdivision 4 of section 285, which reads in part as follows: '' § 285, subd. 4. Everyone who, while intoxicated, or under the influence of any narcotic, drives any motor vehicle or automobile, or has the care or control of a motor vehicle or automobile, whether it is in motion or not, shall be guilty of an offense.'' The laws of Ontario, therefore, provide for driving while actually intoxicated as well as for driving while one's ability is impaired by alcohol.

The New York State Commissioner of Motor Vehicles in revocation proceedings acts in a quasi-judicial capacity and his power should be exercised in a legal manner upon competent evidence. If the offense to which the petitioner pled guilty may be found to mean that he was operating a motor vehicle while under the influence of intoxicating liquor, the determination of the respondent should not be disturbed. If, however, the offense of which the petitioner was convicted was one which did not require a determination that the accused was operating a motor vehicle while under the influence of intoxicating liquor and only required a lesser finding as to the effect of intoxicating liquor on the ability of the accused to operate a motor vehicle, the petitioner is entitled to the relief which he seeks.

Research has not disclosed any recorded case where the issue presented here has been determined. To determine whether operating a motor vehicle while the operator's ability to drive is impaired by alcohol is synonymous with or involves the use or effect of alcohol, to the same degree as operating a motor vehicle while under the influence of intoxicating liquor, requires an analysis of the meaning of the words employed.

In Webster's New International Dictionary (2d ed.), published in 1950, the following definitions may be found for the words in question: the word '' impaired ''—'' to diminish in quantity, value, excellence; to deteriorate, damage ''; the word

" by " — " through the medium or direct agency of "; the word " influence " — " the act or process, or the power, of producing an effect "; the word " under " — " indicating subjection, guidance or control; suffering control by ". Synonyms of " influence " are sway, control, mastery. Synonyms of " impair " are decrease, lessen, reduce, weaken.

Applying these meanings it would seem that paragraph (b) of subdivision 2 of section 71 means operating a motor vehicle while under (controlled by) the influence (mastery) of intoxicating liquor, whereas the Canadian statute in question would seem to mean operating a motor vehicle while the operator's ability is impaired (weakened) by (through the agency of) alcohol.

In the case of *Danielson* v. *State of Nebraska* (155 Neb. 890, 892), the Supreme Court approved the charge of a Trial Judge who, in discussing the meaning of the phrase " under the influence of alcoholic liquor " said in part as follows : " The meaning of the term ' under the influence of alcoholic liquor ' as applied to a person operating a motor vehicle is, if the alcoholic liquor has so far affected the nerves, brain and muscles of the operator of a motor vehicle so as to *impair to any appreciable degree* his ability to operate his motor vehicle in the manner that an ordinary prudent and cautious man, in full possession of his faculties would operate the same, then the operator of said motor vehicle is under the influence of alcoholic liquor." (Italics mine.)

One reaches the conclusion from reading that charge that the court there recognized that the use of alcohol by the driver to the extent of impairing his ability to drive would not be sufficient to place him under the influence of intoxicating liquor unless his ability to drive had been impaired to an appreciable degree.

In the instant application there is no record as to the extent to which the ability of the petitioner was impaired. The certificate of conviction does not so state. The respondent had no information with respect thereto upon which to base his determination that the offense of which the petitioner was convicted was synonymous with or at least equal to the offense of operating a vehicle while under the influence of intoxicating liquor. This court cannot reach such a determination from the record before it.

The court, therefore, concludes that the respondent acted erroneously in reaching his determination to revoke and to suspend the plaintiff's licenses.

The application of the petitioner is therefore in all respects granted, without costs.

Submit order.