STATE OF NEBRASKA, APPELLEE, v. VIRGIL NINNEMAN, APPELLANT.

140 N. W. 2d 5

Filed February 11, 1966. No. 36106.

John McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

Virgil Ninneman, hereinafter referred to as appellant, was found guilty after a jury trial of driving his automobile while under the influence of alcoholic liquor, which for convenience hereinafter will be referred to as drunk driving. Subsequently the court determined that appellant was guilty of drunk driving, second offense, and sentenced him to serve 5 days in the Lancaster County jail, to pay a fine of $300 and the costs of prosecution, and suspended his operator's license for 1 year. This appeal pertains only to the subsequent proceeding involving the proof of appellant's first conviction.

The complaint, the warrant, and the mittimus on the first conviction were received into evidence without objection. The proof made on the first conviction was in strict conformity with the procedure outlined in Danielson v. State, 155 Neb. 890, 54 N. W. 2d 56. We there said: "* * * proof of such convictions is properly made by offering in evidence the complaint or information, the judgment rendered on the verdict or the plea of guilty, evidence that the judgment has become final, and that defendant is the same person presently before the court."

Appellant presents two questions by this appeal: (1) Does failure to subscribe and swear to a complaint, as required by law, render subsequent proceedings thereunder void when the defendant pleads guilty to the allegedly defective complaint; and (2) does denial of counsel in a misdemeanor action create an infirmity which the defendant may raise in a subsequent proceeding under a second offense drunk driving prosecution?

Considering the first assignment, appellant's evidence would indicate that the complaint, which was signed by a deputy county attorney, was not sworn to before a judicial officer. There is little question on the record that the procedure adopted was irregular and was subject to a proper objection. If a plea in abatement had been filed, it would undoubtedly have been necessary to file an amended complaint. However, the appellant, by pleading guilty to the complaint, must be held to have waived any objection to it which could have been asserted by a motion to quash or a plea in abatement. Section 29-1812, R. R. S. 1943, provides: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue."

Appellant's second assignment is much more basic. His testimony is that he was arrested by officer Baumhover about 1 a. m., May 4, 1961, for drunk driving, and that when he was arrested he requested permission from Baumhover to use a telephone to contact an attorney and was told, " 'Not tonight.' " He further testified that Baumhover took him to the city jail and that he made the same request of the desk sergeant who checked him into the city jail, and was again refused. It was his testimony that about 9 a. m. the same morning he was taken from the city jail to the office of the deputy county attorney at the courthouse. On two occasions he requested permission to use a telephone to contact an attorney and the deputy county attorney ignored his

request and made no reply thereto. He was asked several questions by the deputy county attorney, who then had him sign a paper. He was taken from the courthouse to the city jail, and then up to the municipal court. His testimony then was as follows: "A- Well, Baumhover took me from the courthouse over to the city jail and up to the courtroom. And I just didn't know what to do; I felt under—I had no other choice but to plead guilty. I didn't feel good; I wanted to get out of there."

Appellant was fined $100 and costs on his plea of guilty, and his operator's license was suspended for a period of 6 months. He delivered his license to the court at that time. A mittimus was issued committing him to jail until the fine and costs were paid. He paid his fine shortly thereafter, and was discharged from custody. Although appellant was without his operator's license for at least the next 6 months, he made no attempt to question the proceeding involved in this first conviction until his conviction on his second offense.

Officer Baumhover was produced as a witness for the State, and denied that he was the officer who arrested the appellant. He testified that he did not see him at all in the early morning hours of May 4, 1961. His contact with the appellant occurred later in the morning. The record indicates he was the officer who took appellant to the municipal court and who delivered him to the city jail after his plea of guilty.

Appellant's charge of denial of counsel is a serious one, and no court can condone it when it occurs. Defendant in any criminal prosecution must be given a reasonable opportunity to employ and consult with counsel; otherwise the right to be heard by counsel would be of little worth. Chandler v. Fretag, 348 U. S. 3, 75 S. Ct. 1, 99 L. Ed. 4. However, after appellant's long procrastination, it is a charge which must be proved by clear and convincing evidence.

On the record presented to this court, there are two grounds on which the trial court may have based its

decision: (1) The trial court, considering all of the facts and circumstances, may have decided as a factual matter that the appellant had not been denied counsel; or (2) even if appellant had requested the use of a telephone previous to his court appearance, he effectively waived his right to counsel by his plea.

Appellant's testimony is not entirely uncontested, as he suggested in his brief. It is true he could have been mistaken or confused in the identity of the officer involved in his testimony as it concerned Baumhover. It is possible that he could be equally mistaken on some of his other testimony. It does test credulity to believe that a person of appellant's intelligence would answer questions and "sign a paper" for the deputy county attorney if he could not get an answer to his own question. In any event, the mere fact that testimony is uncontradicted does not mean that it must be accepted as true on the hearing. Credibility is for the triers of the facts. See Snowardt v. City of Kimball, 174 Neb. 294, 117 N. W. 2d 543.

By a plea of guilty, a defendant does not necessarily waive his constitutional right to counsel. Rice v. Olson, 324 U. S. 786, 65 S. Ct. 989, 89 L. Ed. 1367. However, any constitutional right or guarantee may be waived although the waiver must be an intelligent relinquishment or abandonment of a known right or privilege. Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837.

We are satisfied that the trial court could have determined that the appellant had sufficient intelligence to know his rights; that he understood the nature of his act; and that his plea of guilty constituted an effective waiver. Appellant was an adult who had at least a high school education. He had served 3 years in the Marine Corps, and has been steadily employed since he left the service. It is hard to understand why a person of appellant's intelligence, if he had made the four requests he testified to for an opportunity to contact counsel, would have failed to have made that fact known to the court at the time of

his arraignment on the complaint. Two of the requests are alleged to have been made within a few moments of the time he was taken to court.

The able trial judge who heard the testimony and who had an opportunity to observe the demeanor of the witnesses found against the appellant on the facts. It is not the province of this court in a criminal case to pass on the credibility of witnesses or weigh the evidence unless it is lacking in probative force as a matter of law. State v. Berg, 177 Neb. 419, 129 N. W. 2d 117. On the record presented to this court, we cannot say, as a matter of law, that the determination of the trial court is erroneous.

For the reasons given, the judgment of the trial court is affirmed.

AFFIRMED.

CARTER, J., concurring in result.

On May 7, 1965, defendant was sentenced for a second offense of drunken driving. No contention is advanced that the verdict of the jury finding him guilty of drunken driving was in any respect erroneous. The complaint charged this to be a second offense.

In 1961 the defendant was found guilty of drunken driving in the municipal court of the city of Lincoln. The complaint and judgment of the municipal court were received in evidence without objection. That no appeal was taken therefrom, and that the defendant was the same person as the person presently in court, was established. This court has held many times as follows: "We reiterate that proof of such convictions is properly made by offering in evidence the complaint or information, the judgment rendered on the verdict or the plea of guilty, evidence that the judgment has become final, and that defendant is the same person presently before the court." Danielson v. State, 155 Neb. 890, 54 N. W. 2d 56. The proof was made strictly in accordance with the rule of this court and defendant thereupon became subject to the penalty provision

for a second offense for drunken driving, contained in section 39-727, R. S. Supp., 1963.

Defendant contends, however, that he was denied the right to obtain counsel in his first conviction in 1961, and that it was therefore void and not useable to prove that he was subject to the increased penalty for a second violation. The finality of the previous conviction is established. Defendant did not appeal nor seek redress by habeas corpus. In fact, he entered a plea of guilty and satisfied the penalty for the 1961 offense. I submit that under the existing law of this state he may not collaterally attack irregularities in his first conviction to avoid the increased penalties for the second.

Defendant has been convicted of two drunken driving offenses which have been established in the manner that this court has prescribed. The majority opinion ignores the long-established law of this state and cites no authority for so doing. I disagree with this method of opinion writing. Having these views, I concur in the result but disagree with the basis of the decision.