STATE OF NEBRASKA, APPELLEE, v. JAMES ROAN EAGLE, APPELLANT.

156 N. W. 2d 131

Filed January 26, 1968. No. 36696.

Charles A. Fisher and Charles F. Fisher, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant, James Roan Eagle, was found guilty of petit larceny by a jury. Thereafter, at a hearing without a jury, the court found that the conviction was a subsequent offense, as charged, enhancing the penalty, and sentenced the defendant to 2 years imprisonment.

The defendant first contends that his motion for mistrial, made during cross-examination of one of defendant's witnesses, should have been granted. The testimony of defendant's witnesses was principally directed toward establishing that the defendant was intoxicated at the time of the crime. The defendant's witness, Roger Lame, had testified extensively on direct examination as to the defendant's drinking and being drunk in public places both during the day of the crime and on the day preceding. His testimony also detailed drinking on both days by the witness and by other persons who were also witnesses. On cross-examination of this witness, after extensive probing of such testimony, the county attorney asked: "Any of you get picked up by the law enforcement people or the police, that day on the 20th or the 21st?" The defendant objected immediately and moved for a mistrial. The defendant's objection was sustained and the witness was not permitted to answer, but the motion for mistrial was overruled.

Defendant relies on Coxbill v. State, 115 Neb. 634, 214 N. W. 256. In that case, a judgment of conviction was reversed because the defendant, over objection, was permitted to answer the question of whether he had not recently been convicted of a misdemeanor of the same kind for which he was being tried. The distinctions here are obvious. The defendant's objection was sustained and no answer was permitted in evidence. A witness was being cross-examined and not the defendant. In the context of the defendant's evidence at this trial, the defendant's contention that merely asking a witness such a question was sufficient misconduct to taint the entire proceedings and deny the defendant a

fair and impartial trial is without merit. The discretion of the trial court was not abused and the denial of the motion for mistrial does not constitute prejudicial error. See Rakes v. State, 158 Neb. 55, 62 N. W. 2d 273.

The defendant complains of the refusing of a requested instruction on circumstantial evidence and the giving of the court's own instruction on such evidence. It is also contended that the giving of an instruction on aiding and abetting was improper, and that certain other instructions are conflicting, confusing, and misleading. The evidence properly supported an instruction on aiding and abetting, and, in any event, the defendant could not have been prejudiced by the giving of such an instruction. The instruction on circumstantial evidence given by the court is almost identical with that approved by this court in State v. Nichols, 175 Neb. 761, 123 N. W. 2d 860. That case also stated: "However, all instructions must be read together and if the instruction or instructions taken as a whole correctly state the law and are not misleading, there is no prejudicial error." The defendant's assignments of error with respect to instructions are not supportable.

A large portion of defendant's argument is directed to the evidence of prior convictions at the hearing before the court after conviction and before sentencing under the rules of practice and procedure promulgated in Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462. Under those rules, if the court finds from the evidence submitted that the accused has been convicted prior thereto under the same statute, the court is required to sentence the accused according to the enhanced penalty applicable to the facts found. The defendant contends that under Danielson v. State, 155 Neb. 890, 54 N. W. 2d 56, approved in State v. Ninneman, 179 Neb. 729, 140 N. W. 2d 5, it is required that there be some evidence more than a record of prior convictions of a defendant of the same name. It is contended that additional identification evidence is necessary to establish that the defendant

is the same person presently before the court. The exact question has not previously been passed on by this court.

In this case, three authenticated copies of judgments of conviction and sentencing of a James Roan Eagle for petit larceny were introduced and received in evidence. The dates of conviction and sentence was May 16, 1960, October 24, 1960, and November 30, 1962. One was for first offense petit larceny and two were for subsequent offense petit larceny. One was in county court, and two in the district court, all in Dawes County, Nebraska. This is the same county and the same district court in which the current conviction arises. The defendant's name is not an ordinary one, nor is there any evidence in the record that anyone else in Dawes County had the same name. There was no denial of identity by the defendant and the issue raised here was certainly not made clear to the trial court either at the hearing or on motion for new trial. A presentence investigation report by the probation officer was in the possession of the court at the hearing and had been reviewed by the court.

See 11 A. L. R. 2d 870, for an extensive annotation on the question of evidence of identity for purposes of statutes as to enhanced punishment in case of prior conviction.

Under the circumstances here, we hold that an authenticated record establishing a prior conviction of a defendant with the same name is prima facie sufficient to establish identity for the purpose of enhancing punishment; and, in the absence of any denial or contradictory evidence, is sufficient to support a finding by the court that the accused has been convicted prior thereto.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

. SMITH, J., participating on briefs.