STATE OF NEBRASKA, APPELLEE, v. ERIC RICHARD SMITH, APPELLANT.

187 N. W. 2d 753

Filed June 18, 1971. No. 37806.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for unlawful possession of one-half pound or more of cannabis. The assignments of error relate to the admissibility of evidence and misconduct of the prosecuting attorney.

There was evidence from which the jury could find that the defendant was observed carrying a sack containing approximately 7 pounds of cannabis from the house at 6611 Franklin Street in Omaha, Nebraska, to the rear of the house at 6607 Franklin Street. About 30 minutes later the defendant was observed removing a part of the contents from the sack which he carried back into the house at 6611 Franklin Street. The defendant testified that the sack had been left in front of the house by a third party and that he had taken it to the rear of the house to place it in a trash container to get rid of it. The defendant denied that he had returned to the sack after placing it in the rear of the house at 6607 Franklin Street. The evidence, although in conflict, was clearly sufficient to sustain the finding of guilty.

William J. Ihm, a chemist employed by the State, was allowed to testify over objection that he had weighed the contents of the sack on a scale in the laboratory and that it weighed 7 pounds 4 ounces. The defendant contends that the foundation for this testimony was inadequate because it was not shown that the scale had been tested and found to be accurate. The contention is without merit.

The defendant obtained leave to cross-examine as to foundation and inquired only as to when the scale had last been licensed. There is no reference to any licensing requirement applicable to laboratory scales, and the defendant made no inquiry as to whether the scale had been tested for accuracy. Another witness had testified previously that he estimated the weight of the sack at around 7 or 8 pounds. The offense was proved if the weight was one-half pound or more. The ruling was within the discretion of the trial court.

The other assignment of error relates to conduct of the county attorney in the trial of the case. The defendant contends that he was prevented from having a fair trial because of the offer of irrelevant evidence and unfair argument to the jury. The items of evidence complained of consisted of questions about the market value of marihuana; a reference to hashish; whether the defendant was the father of a child born out of wedlock who was present in the house at 6611 Franklin Street; and whether the house at 6611 Franklin Street had been under police surveillance. The argument complained of consisted of a statement that the police had not searched the house at 6611 Franklin Street because they were prevented by law from doing so.

Objections by the defendant were sustained to all of the questions except the one relating to hashish and the cross-examination of the defendant as to the market value of marihuana. The answer to the hashish question was conditionally received but there was no subsequent motion to strike. The defendant answered that he

did: not know the market value of marihuana, that there were many prices.

The defendant's objection to the argument explaining the failure to search was sustained and the jury was instructed to disregard the comments. As we view the record it does not show that the defendant did not have a fair trial.

It is the duty of a prosecuting attorney to conduct the trial in such a manner as will be fair and impartial to the rights of the accused, no matter how guilty he may be. Rules of evidence and conduct are prescribed to insure that the rights of the accused are maintained.

The evidence and the argument complained of in this case had little or no relevance to the issues, but we are satisfied that the defendant received a fair trial. Each case must be determined on its own facts. Where the defendant has been prejudiced, the conviction will be set aside.

The prosecution in this case was under section 28-472.03, R. S. Supp., 1969, which has been declared unconstitutional. State v. Greenburg, *ante* p. 149, 187 N. W. 2d 751. The defendant was subject to prosecution under section 28-470, R. S. Supp., 1969, for unlawful possession of *any amount* of cannabis. By proceeding under section 28-472.03, R. S. Supp., 1969, the State assumed a greater burden than that imposed by section 28-470, R. S. Supp., 1969.

The trial court advised the jury that cannabis was a narcotic drug and that possession of a narcotic drug was unlawful unless otherwise authorized in the act. The information and the evidence are sufficient to sustain a conviction under section 28-470, R. S. Supp., 1969. Thus, the record is sufficient to sustain the conviction under section 28-470, R. S. Supp., 1969.

The judgment of the district court is affirmed.

AFFIRMED.