STATE OF NEBRASKA, APPELLEE, v. THOMAS RALLS, APPELLANT.

223 N. W. 2d 432

Filed November 21, 1974. No. 39459.

T. Clement Gaughan, Richard L. Goos, and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was tried on a charge of first degree murder. The jury found him guilty of the crime of manslaughter. He was sentenced to a term of 3 to 8 years imprisonment to run consecutively to a sentence the defendant was then serving.

On April 19, 1973, the defendant was admitted to the Nebraska Penal and Correctional Complex to serve a

sentence for robbery. Shortly after his arrival, the defendant looked out a window and saw inmate Irvin Cooper standing outside the east cellhouse. The defendant had known Cooper as a prison inmate while they were both incarcerated. The acquaintance extended over a period of time going back to 1969. Over that period of time, Cooper had assaulted and threatened the defendant on several occasions. In 1969 Cooper had struck the defendant, and on two other occasions had pulled a knife on him. On one occasion, Cooper made a forcible sexual assault on the defendant. In September or October of 1972, Cooper had tried to poison the defendant. In November or December of 1972, Cooper had threatened to cut the defendant's head off, and also told the defendant that they could not live together in the same environment. After seeing Cooper in the prison courtyard, the defendant then retrieved a knife he had previously hidden in the penal complex, and concealed it on his person.

On the next day, April 20, 1973, the defendant was in the R. D. C. unit, an orientation center for new inmates. The defendant had met another inmate, Victor Leading Horse, at breakfast earlier. Later the defendant and Leading Horse went into the smoke room to talk. They had been seated on a bench in the smoke room for some 2 or 3 minutes when Cooper walked in. Two other inmates, Boston and Barker, accompanied Cooper but remained at the door of the smoke room. Cooper told the defendant to check into solitary because he had warned the defendant that the two could not live together. Cooper then slapped and hit the defendant, causing his head to hit the wall. The defendant and Leading Horse testified that it then appeared that Cooper was reaching for something at his side, and the defendant testified that Cooper always carried a knife. At this point the defendant pulled the knife which he had obtained the day before and stabbed Cooper as the defendant got up from the bench on which he was sitting.

The defendant then grabbed Cooper's right arm and continued to stab him. Cooper backed out of the smoke room in a crouched position, trying to get away from the defendant, who was stabbing him. Cooper did not have a knife in his hands. A guard halted the attack in the hall outside the smoke room. Cooper died a short time later. The medical witness testified that Cooper had five major stab wounds and that the cause of death was a massive blood loss from two of those wounds.

The defendant's major complaint is directed at instruction No. 10 which deals with self-defense. That instruction extends over two pages and includes the self-defense instruction at NJI No. 14.33, together with several paragraphs extracted almost verbatim from the statutory provisions on self-defense in sections 28-833 through 28-836, R. S. Supp., 1972. As a whole the instruction thoroughly and adequately covers the area of self-defense as encompassed by the evidence in this case. The defendant's objections are directed solely at the fourth of ten paragraphs of instruction No. 10. That paragraph states: "Conduct which the defendant believes to be necessary to avoid harm or evil to himself is justifiable if the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged." The language comes word-for-word from section 28-834, R. S. Supp., 1972.

Section 28-834, R. S. Supp., 1972, is generally not applicable when other sections of the self-defense statutes provide exceptions or defenses dealing with the specific situation involved. It was, therefore unnecessary here to give paragraph No. 4 of the instruction. Nevertheless, when considered with the instruction of which it was a part, and all that was said in that instruction on the subject of self-defense, it could not have misled the jury under the facts involved here. All instructions must be read together and if the instruction or instructions, taken as a whole, correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error.

State v. Jackson, 186 Neb. 22, 180 N. W. 2d 134; State v. Roan Eagle, 182 Neb. 535, 156 N. W. 2d 131.

The defendant also contends that the trial court improperly excluded testimony of certain witnesses offered to prove specific acts of violence upon the defendant by the victim. The defendant here was allowed to testify personally as to previous contacts with Cooper, and extensive testimony as to each assault by Cooper against the defendant was received. In addition, a number of witnesses were allowed to testify as to Cooper's reputation for violence. The defendant's contention in this regard is directly answered in State v. Kimbrough, 173 Neb. 873, 115 N. W. 2d 422. In that case, in a prosecution for homicide, evidence was offered to prove that the deceased was a person of ferocity and violent disposition so as to make out a case of self-defense. This court said: "Such proof must be made by evidence of the general reputation of the deceased. It cannot be made by proving either specific acts on his part or the opinions of witnesses as to his disposition based on their own observations."

In the case before us, the defendant was permitted to testify as to all the specific assaults and acts of the deceased which involved the defendant and that testimony was uncontradicted. The testimony of other witnesses as to the same specific acts would have been merely corroborative in any event.

Defendant's final contention is that the sentence was excessive. A review of the presentence investigation report discloses an extensive record of felony convictions and the evidence here overwhelmingly establishes that there is no merit to the claim that the sentence was excessive. Unless an abuse of discretion appears, a sentence within statutory limits will not be disturbed on appeal. See State v. Sheets, 191 Neb. 153, 214 N. W. 2d 379.

The judgment of the District Court is affirmed.

AFFIRMED.

WHITE, C. J., participating on briefs.

CLINTON, J., concurring.

I concur in the opinion of McCown, J. However, I believe a further comment with reference to the language of section 28-834, R. S. Supp., 1972, which constituted the fourth paragraph of instruction No. 10, is required. Such language is totally inappropriate for incorporation in a jury instruction. That language is so abstruse that, if it means anything at all, the meaning is not susceptible of ready understanding. It is at best an abstract statement of policy that could not be helpful to a jury in any determination it must make. I cannot imagine any circumstances under which it should be incorporated in a jury instruction.