STATE OF NEBRASKA, APPELLEE, v. ALONZO ATWATER, APPELLANT.

228 N. W. 2d 274

Filed April 24, 1975. No. 39615.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant prosecutes this appeal from a robbery conviction on which he was sentenced to a term of 8 to 25 years in the Nebraska Penal and Correctional Complex. He premises his appeal on two allegations: (1) The trial court committed reversible error in failing to grant a mistrial; and (2) the sentence was excessive. We reverse the conviction herein for the failure of the trial court to grant a mistrial for the inexcusable conduct of the prosecution in presenting before the jury possible inferences of previous crimes on the part of the defendant.

Defendant was charged with participating in an after-closing-hour robbery of a restaurant in Omaha, Nebraska, during which the defendant and his accomplice, armed with a pistol and a box cutter, threatened three employees of the restaurant. One of the employees was beaten and his throat was cut with the box cutter. During the course of the robbery, money was taken from the employees and they were locked in a deep freeze used for storing food and meat. Defendant was placed at the scene by his license number and a description of his vehicle which had been observed parked at the back of the restaurant shortly prior to the robbery.

: During the direct examination of officer Alexander relative to photographs, including that of the defendant, shown to witnesses during a photographic lineup, the following testimony was adduced: "BY MR. RYBERG: * * * Q. Did you then obtain some photographs? A. Yes, I did. *I obtained some mug shots.* Q. Okay. Where—well, I'll show you—* * * Q. I'll show you what's been marked Exhibits 1 through 8. Are these the photos which you obtained *from the files?* A. Yes, sir. Q. All right. And I ask you how you happened to select those eight. A. *The photos were selected from the Robbery Detail Office. They have files and books concerning parties that are possible suspects in that type of crime or parties they have known to have committed that type of crime before. They were selected from that location.*" (Italics supplied.)

It is evident that the description of the photos as "mug shots," and that they concerned parties "known to have committed that type of crime before," was sufficient to convey the impression to the jury that the defendant was a known criminal who had previously been arrested for a crime exactly like the one on trial. The officer had testified on two previous occasions in this same case, out of the presence of the jury, about these photographs. In neither of the previous instances did the officer refer to them as "mug shots," although in answer to the question, "Where did you obtain these photographs?" he did say, "They're from the files kept at Central Station. They were located in the Robbery Detail Office."

The prosecution knew that the commission of other crimes by the defendant was irrelevant, improper, and inadmissible in its case. While the evidence of defendant's guilt herein is conclusive, this is a transgression which cannot be condoned. The evidence against the defendant was more than adequate. Possibly in the past we have been too lenient in excusing these transgressions under the guise of harmless error, and the prose-

cution has concluded that anything goes. Defendants must be given fair trials, and it is the responsibility of the prosecution to see that each defendant receives one. Harmless error is intended to cover those inadvertent slips, which occasionally creep into a hotly contested trial, which do not severely prejudice the rights of the defendant. Harmless error should never be applied in those instances where the prosecution deliberately, or because of very careless procedures, injects prejudicial error into the proceedings.

The judgment herein is reversed, and the cause is remanded for a new trial.

REVERSED AND REMANDED.

WHITE, C. J., NEWTON, and BRODKEY, JJ., concur in the result.