STATE OF NEBRASKA, APPELLEE, v. JAMES WAYNE HOWARD, ALSO KNOWN AS MARK HOWARD, APPELLANT.

233 N. W. 2d 573

Filed October 9, 1975. No. 40051.

Leo M. Bayer, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

WHITE, C. J.

The only assignment of error in this case is the excessiveness of the defendant's sentence. The defendant was apprehended on November 26, 1974, after breaking into the Laeger Inn at Alliance, Nebraska. He was subsequently charged with burglary and with being a habitual criminal. The habitual criminal portion of the complaint charged the defendant with having been convicted on a burglary charge in 1968, and on an escape charge in 1969. Each of these convictions resulted in imprisonment for terms of not less than 1 year. The defendant plead guilty to both charges. The District Court accepted the pleas and sentenced the defendant to 15 years in the Nebraska Penal and Correctional Complex with credit for 72 days spent in custody awaiting disposition of his case. We affirm the judgment and sentence of the District Court.

It is argued on behalf of the defendant that the imposition of the 15-year sentence under the habitual criminal statute is not warranted because one of the crimes used to support the charge was that of escape, which is malum prohibitum rather than malum in se. It is further argued that the other crime used to support the charge, the 1968 burglary, was committed when the defendant was "a young boy who apparently had no parental guidance."

Nebraska's Habitual Criminal Law, section 29-2221, R. S. Supp., 1974, makes no distinctions between malum in se and malum prohibitum offenses. It provides for no exceptions based upon the age of the offender at the time of the prior conviction or upon any other factor. See Kennedy v. Sigler, 397 F. 2d 556 (8th Cir., 1968). The statute requires only the bare ascertainment of two prior convictions, each resulting in at least 1 year's imprisonment to support a habitual criminal charge upon conviction of a third felony in this state. This court must apply the law as it is enacted by the Legislature, and has no discretion where the terms of the statute are clear and unambiguous. The court cannot rewrite the law, nor create exceptions to it.

The defendant's sentence fell within the statutory limits provided for in section 29-2221, R. S. Supp., 1974. A sentence within the statutory limits will not be disturbed on appeal unless an abuse of discretion appears. State v. Ralls, 192 Neb. 621, 223 N. W. 2d 432 (1974).

We have carefully reviewed the record and there was no abuse of discretion in this case by the District Court in imposing the sentence that it did under the circumstances as revealed by the record.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.