STATE OF NEBRASKA, APPELLEE, v. JAMES GILLHAM, APPELLANT.

244 N. W. 2d 177

Filed July 21, 1976. No. 40428.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The sole assignment of error in this case is the excessiveness of the sentence imposed upon the defendant.

On January 20, 1975, the defendant and an accomplice robbed at gun point the F.O.E. #38 in Omaha, Nebraska. After obtaining entrance to the establishment, defendant and his accomplice displayed their weapons and forced the manager and a clean-up man to lie on the floor while they took the money. Approximately $5,000 was taken. Defendant plead guilty to this robbery.

Pursuant to a plea bargain, another charge, use of a firearm in the commission of a felony, was dismissed. The District Court sentenced the defendant to a term of 15 to 50 years imprisonment in the Nebraska Penal and Correctional Complex.

The defendant first notes the power given this court by virtue of section 29-2308, R. R. S. 1943, to reduce sentences rendered by the District Court when in our opinion they are excessive, and then proceeds to cite to us a number of recent cases in which we exercised this power and reduced sentences.

While this review of past cases wherein this court exercised its power to reduce sentences is always helpful, it necessarily remains true that when excessiveness of a sentence is alleged as error, this court must review each case on an individual basis. Our determination of whether or not a particular sentence in a given case is excessive rests solely upon the facts and circumstances of that case as revealed by the record.

The record in this case reveals that previous to this conviction, the defendant had been charged with robbery in Hastings, Nebraska. This incident involved violence. Pursuant to a plea bargain, the robbery charge was reduced to one of larceny from a person. Defendant was sentenced to 1 year's probation on this charge. Defendant immediately violated the terms of his probation. In fact, he never even reported once to his probation officer. In addition to this, the presentence report reveals a lengthy and consistent report of other more minor offenses, ranging from numerous and varied traffic offenses to repeated occasions of public drunkenness.

The sentence imposed by the District Court fell within the statutory limits. As such, it will not be disturbed on appeal absent an abuse of discretion. State v. Ralls, 192 Neb. 621, 223 N. W. 2d 432 (1974); State v. Howard, 194 Neb. 521, 233 N. W. 2d 573 (1975). We have carefully reviewed the record in this case and find

no abuse of discretion by the District Court in imposing the sentence that it did.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.