STATE OF NEBRASKA, APPELLEE, v. COLLEEN MARY HATRIDGE, APPELLANT.

256 N. W. 2d 327

Filed July 27, 1977. No. 41135.

J. William Gallup, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

The defendant was charged with shooting her estranged husband, Ronald Raymond Hatridge, with

intent to kill, wound, or maim. A jury trial was had and a verdict of guilty returned. The District Court sentenced defendant to a term of 5 to 10 years' imprisonment and she appeals. We affirm the judgment and sentence of the District Court.

Defendant first contends that the District Court committed error when it overruled her motion for a mistrial. The motion was prompted when, during cross-examination of the defendant, the prosecutor asked the following question: "Q. And isn't it a fact that you even went on a trip with Bill Knott, your neighbor boy?"

It is admitted by the State that the question was immaterial to the issues at trial.

In State v. Casados, 188 Neb. 91, 195 N. W. 2d 210 (1972), we said: "It is a fundamental concept of our criminal law that an accused, whether guilty or innocent, is entitled to a fair trial. It is not only the duty of the trial court but of the prosecutor as well to see that he gets one. A prosecution solidly based upon the law and the facts and supported by sound reasoning does not require bolstering by appeals to passion and prejudice."

Where the defendant has been prejudiced by the conduct of the prosecuting attorney, the conviction will be set aside. State v. Atwater, 193 Neb. 563, 228 N. W. 2d 274 (1975). Each case must be determined on its own facts. State v. Smith, 187 Neb. 152, 187 N. W. 2d 753 (1971); State v. Casados, *supra.*

Turning to the facts of this case, we conclude that defendant was not prejudiced by this question. Defendant was able to answer this question, "No, sir, I did not," before defense counsel raised his objection to it. Defense counsel's objection to the question was sustained, and the jury was instructed by the court to disregard the question. Finally, in light of other unchallenged testimony in the record referring to the visiting by young men at defendant's residence while she was in the process of obtaining a di-

vorce, we cannot say that this single question so prejudiced the defendant as to require a reversal of her conviction.

Defendant's next contention concerns the following exchange between the prosecutor and witness Delene Maxwell, counselor for the District Court for Douglas County, who interviewed each of the four children living with defendant prior to the shooting:

"Q. And what did you tell Mrs. Hatridge?

"A. I thought I should share with her a certain part of the running thread through all of the four children's interviews, of their concern that she was going to shoot their father and that * * *.

"Mr. Carey: I move that be stricken, Your Honor, as hearsay.

"The Court: Overruled at this time."

Defendant contends that the District Court erred in overruling her counsel's objection to the testimony as being hearsay. Section 27-801 (3), R. R. S. 1943, of the Nebraska Rules of Evidence, defines hearsay as follows: "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted * * *."

The statement objected to was not offered in evidence to prove the truth of the matter asserted - that defendant's children were concerned that defendant was going to shoot their father. The concern of the children was not at issue. Rather, the statement was offered to prove an intent on the part of the defendant to shoot her husband.

Even if the testimony had arguably been hearsay, in light of defendant's admissions to Delene Maxwell and Jeffrey Bendon, prior to the shooting, that if her husband came on the premises she felt obligated to shoot him, and that she had a gun, the overruling of defendant's objection resulted in no prejudice to the defendant.

Defendant's last contention is that her sentence is

excessive. Defendant was sentenced to a term of 5 to 10 years imprisonment. This sentence was within statutory limits, and as such, will not be disturbed on appeal absent an abuse of discretion. State v. Gillham, 196 Neb. 563, 244 N. W. 2d 177 (1976). We cannot say that the District Court abused its discretion in sentencing the defendant as it did.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.

CLINTON, J., concurring in the result.

While I concur in the result of the majority opinion, I disagree with the characterization of the testimony of Delene Maxwell as "not hearsay." If such testimony was offered, as the opinion says, to "prove an intent on the part of the defendant to shoot her husband," then what the children told the witness either directly or by implication in that respect is plainly hearsay. It does not appear from the majority opinion that the children were available for cross-examination.

WHITE, C. THOMAS, J., joins in this concurrence.

BOSLAUGH, J., dissenting.

The statement of Mrs. Maxwell to the defendant concerning information Mrs. Maxwell had "ascertained" from the interviews with the children was not admissible for any purpose. Her conclusion as to the "running thread" through all the interviews was clearly objectionable as hearsay. All that the State was entitled to prove was the defendant's statement to Mrs. Maxwell that if Mr. Hatridge came on the premises "she felt obligated she would have to shoot him, and that she had the gun."

I think it is difficult to say that the admission of Mrs. Maxwell's testimony to the effect that all four of the children were concerned that the defendant was going to shoot their father was harmless error. The defendant admitted that she shot Mr. Hatridge, but claimed she fired the gun in self-defense. Al-

though there was some evidence of statements by the defendant to other persons that she was going to shoot Mr. Hatridge if he came on the premises, Mrs. Maxwell's testimony about the concern of the children was highly prejudicial.