STATE OF NEBRASKA, APPELLEE, v. DENNIS MARLENEE, APPELLANT.

259 N. W. 2d 923

Filed December 7, 1977. No. 41387.

Thomas M. Kenney and Lynn R. Carey, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

Defendant was convicted in the municipal court of the City of Omaha, Nebraska, of operating a motor vehicle during a period of suspension or revocation, second offense, and sentenced to a term of 6 months imprisonment in the county jail and his license suspended for a period of 2 years. Defendant appealed to the District Court which, on April 6, 1977, affirmed the judgment and sentence of the lower court. Defendant appeals to this court. We affirm the judgment and sentence of the District Court.

Defendant's first contention on appeal is that the Omaha municipal court committed error when it denied his motion for a continuance. Defendant argues that he was thereby denied effective assistance of counsel.

The record shows that counsel for the defendant was appointed on February 8, 1977. Trial on the matter was held on February 23, 1977. Defendant had ample opportunity to consult with counsel. "A motion for a continuance is addressed to the sound discretion of the trial court, and in the absence of a showing of abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal." State v. Davis, *ante* p. 165, 256 N. W. 2d 678 (1977). We find no abuse of discretion by the municipal court in denying defendant's motion for a continuance. There is no merit to this contention.

Defendant next contends that the municipal court

erred in finding him guilty of a second offense for the reason that the trial evidence was insufficient as a matter of law to establish a prior offense.

"An authenticated record, certifying the suspension of an operator's driving privileges is prima facie sufficient to establish identity for a person with the same name in the absence of any denial or contradictory evidence." State v. Applegarth, 196 Neb. 773, 246 N. W. 2d 216 (1976). In State v. Roan Eagle, 182 Neb. 535, 156 N. W. 2d 131 (1968), we stated: "An authenticated record establishing a prior conviction of a defendant with the same name is prima facie sufficient to establish identity * * * and, in the absence of any denial or contradictory evidence, is sufficient to support a finding by the court that the accused has been convicted prior thereto."

The State introduced two exhibits into evidence for the purpose of establishing the fact that this was defendant's second offense. Exhibit 1 consisted of certified copies of the driving records of Dennis L. Marlenee on file at the Department of Motor Vehicles. Exhibit 2 was a certified copy of a prior conviction for driving during a period of suspension of Dennis L. Marlenee in municipal court on December 21, 1976. Defendant made no objections to the introduction of these records. The driving records give a date of birth of July 13, 1956. At the trial, in response to a question by the judge, defendant stated that his age was 26.

Defendant contends that the disparity between the age shown on the records and his stated age at trial is sufficient to rebut the State's prima facie case of a prior conviction. Defendant did not deny that he was the same person as the prior offender. Defendant's name is fairly unusual, and no evidence was introduced suggesting anyone else with the same name who could have committed the prior offense. State v. Roan Eagle, *supra*.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.